THE PEOPLE, *ex rel.* DEVLIN, Respondents, *v.* CONOVER, Appellant.

The act (ch. 28 of 1849) " to provide for filling vacancies in offices," is applicable only to offices which are filled at the general elections for a regular term commencing with the first day of January succeeding such election, and not to offices held by appointment.

A mere agency of a municipal corporation is not an office of the state. To be such, the office must be created directly by the constitution or by statute.

The office of street commissioner in the city of New-York having been created after the passage of ch. 28 of 1849, by a statute which prescribes the manner

---

* See Wilson *v.* Goit, *post*.

of filling vacancies in it, the governor has no authority to fill a vacancy therein.

The power of appointing heads of departments was conferred by the amended charter of New-York city (*ch.* 446 of 1857) upon the mayor and aldermen who might be in office when a vacancy should occur, whether such mayor and aldermen had been previously elected and were continued in office by that act or were elected after its passage. The power is incident to the offices, however filled, and was not reserved to those officers only who should be elected under the act.

APPEAL from the Supreme Court. The action was in the nature of a *quo warranto*, brought by the attorney-general to test the conflicting claims of Charles Devlin, the relator, and Daniel D. Conover, the defendant, to the office of street commissioner under the charter of the city of New-York. The titles of both having been set forth in the complaint, the defendant demurred, and had judgment in his favor at the special term. On appeal by the plaintiffs, that judgment was reversed at general term in the first district, and judgment rendered that the defendant Conover be ousted, and that the relator Devlin was rightfully entitled to the office, and to take upon himself the execution thereof. The defendant appealed to this court.

*David Dudley Field*, for the appellant.

*Charles O'Conor*, for the respondents.

BY THE COURT, STRONG, J. This action was brought to oust the defendant, Conover, from the office of street commissioner in the city of New-York, and obtain possession thereof for the plaintiff, Devlin. The defendant asserts title to, and holds and exercises the office under an appointment, by the governor of the state, on the 12th day of June, 1857, to fill a vacancy occasioned by the death of Joseph S. Taylor, the prior incumbent. The plaintiff, Devlin, claims the office by virtue of an appointment made by the mayor, with the advice and consent of the board of aldermen of said city, on the 16th day of June, 1857. And the general ques-

tion which has been raised and discussed in the case is, as to the authority by law for supplying the vacancy in the office which had occurred.

The counsel for the defendant, in support of the authority of the governor to appoint for the vacancy, relies upon the " Act to provide for filling vacancies in offices, passed February 3, 1849," which it was declared should take effect immediately, and which, so far as it is material to be considered in deciding this case, is in these words : " Whenever vacancies shall exist or shall occur in any of the offices of this state, where no provision is now made by law for filling the same, the governor shall appoint some suitable person who may be eligible to the office so vacant, or to become vacant, to execute the duties thereof until the commencement of the political year next succeeding the first annual election after the happening of the vacancy, at which such officer could by law be elected," &c. (*Laws of* 1849, 26.) Unless this provision applies to the office in question, it is not contended that the appointment which the governor has assumed to make can be sustained. It is an important circumstance, in determining whether such an application of the provision is proper, that, at the time this act was passed, the office of street commissioner existed only under ordinances of the common council, and of course was subject, in respect to the mode of filling it: the term an incumbent should hold it: his removal : the designation of a successor, both on the expiration of a regular term of holding and in case of a vacancy however arising — to like authority. The common council had full and complete control, in these and similar particulars, over the office. By the act to amend the charter of New-York, passed April 2, 1849, this office was first created by statute. (*Laws of* 1849, 278.) It was declared by section twelve that there should be an executive department, under the denomination of the " street department," and that the chief officer should be called the " street commissioner." The latter act, section twenty, contains a

The People *v.* Conover.

provision for the case of a vacancy of any of the heads of departments, by removal from office or otherwise, and directs that the "mayor, by and with the advice and consent of the board of aldermen shall appoint a person to fill the same, until the vacancy shall be filled by the election at the next charter election." This act was amended by an act passed the 11th of July, 1851, but not in a point material to this case. (*Laws of* 1851, 1001.) Before the passage of the act of April, 1849, while the office rested only upon ordinances of the common council, it is quite clear that the office was not one of the " offices of this state," where no provision is now made by law for " filling vacancies therein," within the meaning of those words as used in the act of February, 1849, in describing the offices to which the governor might appoint or fill vacancies. An office of the state must at least be an office directly created by the constitution or statute ; and a provision by law to fill vacancies is not wanting when the office, the power of appointment thereto, and removal therefrom are wholly at the will and pleasure of the chief authorities of a municipal corporation. If the office, after and during the life of the act of April, 1849, making it an office by statute, could properly be regarded as an office of the state, still the act of the preceding February, above referred to, did not embrace it, inasmuch as the act giving existence to the office prescribed how vacancies in it should be filled, and thereby excluded authority for supplying them under a prior act. The terms of the act of February, 1849, conferring authority upon the governor to fill vacancies in office in some cases, also indicate very plainly the offices to which the act was to extend, and that it was not intended to include such an office as the one in question. The person appointed is to execute the duties of the office until the commencement of the political year next succeeding the first annual election after the happening of the vacancy at which such officer could by law be elected. This language is applicable only to elective offices filled for

the regular term at general elections.    The office must be one of the offices of this state, to which a person may be by law elected at an annual election, the regular term of holding which commences with the political year next succeeding such election, being the fisrt day of January.    If any doubt could be entertained upon the face of the act, in regard to the justice of this construction, it would be removed by a reference to section five of article ten of the constitution, in relation to filling vacancies in offices.    That section is inthese words :

"The legislature shall provide for the filling vacancies in office ; and in case of elective offices no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."

The act was doubtless passed to supply vacancies in office "in case of elective offices," referred to in this constitutional provision.    The similarity of language in the constitution and act is conclusive that each referred to the same class of offices.    The construction above given of the act is further confirmed by the fact that no public necessity appears to have existed for a statutory provision for filling vacancies in offices held by appointment.    The power to appoint to office generally extends to filling a vacancy during a regular term, as well as to the making an appointment at the expiration of a term ; and the appointing power can usually act with all necessary promptness to prevent serious inconvenience to the public by a protracted vacancy.

If the act of April 14, 1857, entitled "An act to amend the charter of the city of New-York," in respect to the mode prescribed by the nineteenth section for the appointment of the heads of departments, was in force at the time of the vacancy in the office of street commissioner, and applied to the mayor and board of aldermen then in office, which will hereafter be considered, there is in that act a conclusive answer to the claim of power in the governor

The People *v.* Conover.

to make an appointment for the vacancy. It expressly provides another mode of appointment to that office, without any restriction as to the time or the cases in which the power may be exercised, and of course embraces all vacancies. This provision necessarily repeals, as inconsistent with it, the act of February, 1849, so far as power is given to the governor to fill a vacancy in the office, if the latter act would otherwise have reached the case.

But, independent of the act of April, 1857, we are of opinion, for the reasons stated, that the appointment of the defendant to fill the vacancy in the office of street commissioner was invalid for want of legal authority in the governor to make the appointment, and that the defendant has no title to the office.

Whether the plaintiff, Devlin, is entitled to the office must depend upon whether the power of appointment to it, given, by the act of April 14, 1857, above referred to, to the mayor and aldermen, might be exercised by the mayor and aldermen in office when that act was passed. The act took effect on the 1st day of May, 1857. It repeals, in express terms, various statutes in amendment of the charter of the city of New-York, and, among others, the acts of April 2, 1849, and July 11, 1851, before mentioned. By section nineteen, after providing for the election of mayor and some other officers, and the terms of their offices, it is declared that "the other heads of departments," among which is the street commissioner, " shall be appointed by the mayor, by and with the advice and consent of the board of aldermen." Section fifty-one declares that "the mayor, aldermen and councilmen provided for in this act" shall be elected, &c., and "that all persons who shall have been elected under former laws regulating or affecting the election of charter officers, and shall be in office at the time of the passage of this act, shall continue in office until the officers elected under this act shall take office, and no longer, except that the offices of commissioner of repairs and supplies and of

commissioner of streets and lamps are hereby abolished, and except that the persons now filling the several. offices of controller, counsel to the corporation, street commissioner and city inspector, and the officers of the Croton aqueduct department, shall continue in office until the expiration of their several terms," &c. It is insisted by the defendant's counsel that it is manifest from these two sections that it was not intended by the legislature to give the power of appointing heads of departments to the mayor and board of aldermen then in office, but only to the mayor and board of aldermen to be elected under the act. We do not see in these sections, or elsewhere in the act, the evidence of such an intention. The mayor and aldermen in office were, by section fifty-one, continued in office; and, by section nineteen, the mayor, with the advice and consent of the board of aldermen, might appoint heads of departments, among which was a street commissioner, making no distinction, in respect to the exercise of the power, between the present and any future mayor and aldermen. The power was made incident to the offices, and to be exercised by whoever held the offices, whether previously elected and continued in the office or to be elected thereafter. The offices remain the same, whatever change may have been made in the mode of filling them, the term of office, or the general powers connected with them. Whoever holds those offices, however appointed or elected, in the absence of any clear restriction or limitation, is intrusted with all the powers belonging to the offices. If the position under consideration was sound, it would necessarily follow that the mayor and aldermen continued in office by this act were without any powers, except so far as some might be found under the portions of the Dongan and Montgomerie charters then in force; or their powers were the same as under the former laws, although those laws are expressly repealed. The latter view is taken on the part of the defendant, and it is contended that, by declaring the officers should continue in office, the

legislature qualified the general repeal of existing laws investing those officers with authority, and retained the officers in office with their previous powers. This proposition cannot be maintained; the old officers hold the offices, with the powers given to them by the new law. The new law was alone to prevail and be administered after it went into effect. The office of street commissioner, under the new act, is substantially a reorganization of that office under the former law; the officer under that name continued in office, held the office as reorganized; and the power of appointment to the office, by section nineteen, refers to the office as it now exists. The appointment under that provision is always an appointment for the full term of office prescribed by law.

We are satisfied, for the reasons thus briefly stated, that the mayor in office in June, 1857, with the advice and consent of the aldermen then in office, acting as a board, had, under the act passed in April, and which went into operation on the first day of May in that year, full authority, upon the death of Taylor and the consequent vacancy in the office of street commissioner, to appoint to that office, and that, by virtue of their appointment, the plaintiff, Devlin, has a good title to the office.

It is made a point, by the counsel for the defendant, that the act of April 2, 1849, is void because it was made to depend for its validity upon a popular election, and that the act of July 11, 1851, amending the same, must fall with it; but in the view taken by the court of this case it is not material that the question be considered. Aside from these acts, the appointment of the defendant by the governor was without authority, and the appointment of the plaintiff, Devlin, by the mayor and aldermen, was authorized by the act of April, 1857.

All the judges concurring,

                                   Judgment affirmed.