The following opinion was delivered at special term:
Monell, Ch. J.
The sufficiency of the appointment of the plaintiff as a deputy of the clerk of the court of common pleas, and that Ms salary was fixed at five thousand dollars per annum, is conceded by the answer. It is also admitted that he has at all times performed the duties of the office.
The only question, therefore, is, whether the Board of Apportionment had authority, under the statute referred to, to reduce the plaintiff’s salary.
The act is entitled, “An act to make provision for the local government of the city and county of New York” (Laws of 1871, p. 1268), and in the third section it is provided that certain officials shall meet as a board of apportionment, and shall have power, &c., . . . “ to regulate all salaries of officers and employees of the city and county governments.”
It is claimed that the plaintiff is not an officer of either the city or county governments, and therefore not affected by the resolutions of the board, reducing salaries by twenty per cent, of such as were then receiving five thousand dollars or upwards.
The city of New York, as a corporate or political body, consists of the mayor, aldermen, and commonalty ; and the county of New York, as a body politic, is represented by the board of supervisors. These governments—the former under ancient and modern *470 charters, and the latter as one of the political divisions -of the state—have recently been consolidated (Laws 1874, chap. 304), and for all governmental puposes have now become one body corporate and politic by the name -of the mayor, &c.
When the act of 1871 was passed, these governments were separated, and each exercised its separate corporate functions and powers.
The general functions of government in the republic -are confided to the legislative, executive, and judicial departments. The legislative department for the whole state reposes in the senate and assembly ; for districts and portions of the state in boards and supervisors; an 1 in cities and villages in local boards of councilmen and trustees. In the political division of the state, the functions of these boards are confined to the interests and tenitory for which they are created. The people of another or adjacent territory, have no interest in their acts, and can not be affected or prejudiced by them. The supervisors of a county, and the aldermen or trustees of a city or village, must legislate for their own counties, cities, or villages ; they can not legislate for other counties, cities, or villages. They are merely local legislators, confined and prescribed in their powers, in whose acts their immediate constituency are interested.
So with the executive department, for the state at large, it is vested in the governor ; but, in the political divisions of the state, it is to some extent delegated to certain ministerial or quasi executive officers, who, within prescribed limits or divisions, exercise some of the executive power. Their functions are restricted, .and their powers confined to parts only of the state. The people at large have no interest in, nor are they affected by the acts of such officers.
Officers appointed or elected to administer the local -divisions of the state, whose functions are limited to *471 such divisions, are local officers, as distinguished from the class whose powers, for some or all purposes, extend throughout the state ; and they as the agents of the people, are the local government. In counties they are the government of the county ; in. cities, the government of the city ; and for the purpose of local government, their acts, subject only to the higher legislative or executive control, are of force in such divisions, but not elsewhere.
Local governments have always been confided to local officers; and although public officers, whose powers extend over the state, may exercise their powers anywhere in the state, they are not a part of the local government, but only a part of the general government of the state, which includes the separate divisions of the state.
The senate and assembly may legislate for the city or the county of Hew York; may constitute the agencies for their local government, and prescribe and fix the limits of their powers.
But the senate and assembly is not the local government of the city, or county. It is merely a power to create such local government, and not such government itself.
There is a clearly defined distinction between general and local government. The local may be, and doubtless is, included in the general, to the extent that the latter may create the agencies to administer the former. But to that extend only does or can the general government, which resides in the whole people, administer the local government.
Under the agencies thus created, and under them alone, does the local government administer the government.
If, therefore, local governments are administered by local officers, created for the purpose, and with power to administer them, then it necessarily follows that *472 public officers, whose functions extend beyond local territories, are not a part of local governments.
The judicial department is a part of the general government of the state. It forms no exclusive part of any of the political divisions of the state. It administers its functions for the people at large, and except in some cases, is unlimited in its jurisdiction.
The court of common pleas is a part of this judicial system ; and although there is a territorial limitation to its jurisdiction, and a certain degree of locality in its organization, it, nevertheless, is not dissevered from the general judicial department of the state. It administers the law for all the people, and is not confined to the constituency of a particular district. For I do not understand that the territorial restriction in the execution of process of a certain kind, and in certain cases, has yet been held to confine its jurisdiction, when it had acquired it in other cases, extending beyond the territorial limit. The constitution recognizes it as a part of the entire judicial system, and as part of the general government; and as it is not restricted exclusively to a local or political division of the state, it forms no other part of the local government of the city or county than does the supreme court, when, as another part of the judicial system, it exercises its powers and jurisdiction within the same territory.
The judges of this court are among the class of judicial officers who are denominated public officers of the state (1 R. S. 95, § 1). If such officers are with functions, which, at least for some purposes, extend over the state, then they are not necessarily county or city officers, but officers of the state, and a part of the state judiciary.
In the case of Day v. Buffington (11 Int. Rev. Rec. 205), which was an action to recover a tax imposed by congress upon a judge’s salary, the plaintiff was a judge of probate for a county in Massachusetts. The *473 court recognizing the vesting the powers of government in the three departments—the legislative, executive, and judicial—held the judge of probate was a state and not a county officer; and the supreme court of the United States, in reviewing that decision (11 Wallace, 113), say that the judges are one of the means and instrumentalities for administering the government of a slate. Judge Nelson says (p. 126), the question is whether the power to levy and collect taxes enables the general government to tax the salary of a judicial officer of the state, which officer is a means or instrumentality employed to carry into execution one of its most important functions, the administration of the laws.
In Freedman v. Segel (10 Blatchford, 327), it was attempted to distinguished Day v. Buffington (supra), on the ground that the salary in the former was payable out of the city, and in the latter out of the state treasury. But Judge Shipman says: “In both cases the judges exercise the judicial authority of the state, and represent its sovereignty in that behalf. The payment of salaries out of local treasuries did not localize the courts. To assent to such a proposition would be to maintain that the sovereign power of a state depends upon the manner in which it exercises its discretion in the details of its administration and the distribution of its public burthens.”
The plaintiff in Freedman v. Segel was a judge of the superior court of this city, a court no less local than the common pleas. Of that court Judge Shipman says: “ It is clothed with no inconsiderable part of the general judicial power of the state, with more or only partial limitations as to the subject-matter of litigation.”
In Quin v. the Mayor, &c. (44 How. Pr. 266), the action was to recover the plaintiff’s salary as a judge of one of the district courts of this city. In examining the act of 1871, as authorizing the board of apportion *474 ment to regulate salaries of the officers of the local government, Judge Fancher says: “It may be questioned whether the officers thus referred to include judicial officers. The term certainly does not include state officers, who derive their office from the general laws of the state, and whose duties are not by law limited to the city and county of Hew York.” This case was affirmed by the court of appeals upon the opinion of Judge Fancher (53 N. Y. 627).
It is quite clear, I think, that the officers whose salaries were brought within the regulating power of the board of apportionment, were intended to be such as formed a part of the political government of the city and county, and who were connected with the executive or legislative departments, and not such as were a part of the judicial system of the state; otherwise, the legislature would not have limited it to officers of the government, but would have extended it to all officers whosé salaries were paid out of the city or county treasury. But the limitation to the officers of those governments indicates sufficiently that it was not intended to cover officers of the state.
The deputy clerk of the court of common pleas is appointed by the clerk, who receives his appointment from the court (Laws 1847, ch. 255, § 7), and is the custodian of its records and seal. He is a part of the incorporeal political being, which requires for its existence the presence of judges and a clerk.
Therefore, if the court itself, or the judges of the court, are not within the act, it follows that neither the clerk nor his deputy is, or can be, affected by its provisions.
A careful examination of the subject has satisfied me that the plaintiff is not, and was not, an officer of either the city or county governments, and therefore that the board of apportionment had no authority to reduce his salary.
*475 The plaintiff must have judgment upon the demurrer, with costs.
E. Delafield Smith, counsel to the corporation, and D. J. Dean, of counsel for appellants, urged:—The defendants argue, that the plaintiff is an “officer or employee of the city and county of New York.” He is the deputy of the clerk of the court of common pleas, appointed by the clerk of that court, pursuant to Sec. 1 of ch. 198, Laws of 1854. The court of common pleas is a local court, through which the judicial authority of the state is administered within a designated locality. The judges of the court are public officers of the state; but the clerk and his deputies are not the depositaries or ministers of judicial power. Their duties are purely local, and concern only the government of the city and county of New York. The plaintiff,, therefore, administering the duties of a local administrative office, within the city and county of New York,, and receiving a salary from the treasury of the city and county of New York, is an officer thereof ; and is comprehended within the intent and the letter of the statute, authorizing the board of apportionment to regulate all salaries of city and county officers.
Elliot Sandford, attorney and of counsel for the-respondent, urged:—I. Section three of chap. 583, Laws 1871, does not give the board of apportionment power to reduce the plaintiff’s salary, because the office of deputy clerk of the court of common pleas is neither a city office nor a county office. The charters of the-city enumerate the city departments and the city officers, but they contain no allusion to the office held by plaintiff, or to the court of which he is an officer (44 How. 266; 53 N. Y. 637; 3 Dillon on Corporations, § 773).
II. The office held by plaintiff is a state office, and
*476 he is a state officer (Opinion of Freedman, J. in Jarvis ». The Mayor, &c., reported in “Register,” April 21). The court of common pleas was re-created and reorganized, by a special and separate act, in 1821, and, by .subsequent statutes, vested with general jurisdiction in law and equity. Any person in the state may be plaintiff. The only restriction on its jurisdiction is, that defendant must reside, or be served with process, in the city of New York. To remove all doubts, general power and jurisdiction were given in 1854 (History of the court by Chief Justice Daly, 1 E. D. Smith, lxxx. 3 Daly, Appendix). By the Revised Statutes (1. R. S. § 95) the judges and clerk of this court are classed as judicial officers, under the title of “public officers of this state, other than militia” (ch. 5, title 1, part 1).
III. State officers are not necessarily those whose duties extend over the whole state (Greaton v. Griffin, 4 Abb. N. S. 310; Russell v. The Mayor, 2 Denio, 472, 481, 483; Healey v. Dudley, 5 Lans. 115, 122; People Conover, 17 N. Y. 64, 67; Hayner v. James, 17 N. Y. 316).
IV. The title of the act, ch. 583 is, “the act to make provision for the local government of the city and county of New York.” The court of appeals decided in the case of Smith v. The People (47 N. Y. 330), what the words “ local government of the city of New York” mean. Judge Allen says (p. 337), speaking of the title of chap. 137, Laws 1870, which is “an act. to reorganize the local government of the city of New York,” and known as the charter of 1870 : “The title of the act is local, relating solely to the political organization of the city. It does not indicate an intent to reconstruct or interfere with the organization of the criminal courts of the city, and the act in all its provisions adheres to the title.” The same principle is laid down in Huber v. The People (49 N. Y. 132). Section 9 of chap. 382, Laws of 1870—the county tax *477 levy—making farther provisions for the government of the county of New York, giving power to the comptroller to appoint and remove attendants on courts, has been declared void by two general terms of the supreme court, because in violation of the local act clause of the constitution (Brennan v. The Mayor, &c., not reported; Opinions by Ingraham, P. J., and Brady, J., 47 How. 178). It is obvious, therefore, that the words “ local governments of the city and county of New York ” do not include the courts.
Per Cur.
The judgment is affirmed, with costs, upon the opinion delivered by Judge Monell in the case at special term.