72  180
f72  234

STATE ex rel. MURPHY v. TOWNSEND.

Opinion delivered February 6, 1904.

1. CONSTITUTIONAL LAW—HOLDING TWO OFFICES.—Const. 1874, art. 19, §
6, providing that "no person shall hold or perform the duties of more
than one office in the same department at the same time, except as
expressly directed or permitted by this constitution," forbids the hold-
ing of more than one state office in the same department, but does not
forbid one holding a state judicial office, such as county judgeship,
from accepting a municipal judicial office, such as that of town
recorder.   (Page 182.)

2. DUAL OFFICES—INCOMPATIBILITY.—Acceptance of the office of town
recorder is not incompatible with holding the office of county and
probate judge.   (Page 184.)

Appeal from Desha Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

Geo. W. Murphy, X. O. Pindall and Campbell & Stevenson,
for appellant.

The office of town recorder is a part of the judicial branch of
the government, and cannot be held by the county judge.   Const.
Ark. art. 19, § 6; Sand. & H. Dig. § 5256.   As to judicial functions
of town recorder; see Sand. & H. Dig. § 5253.   Dual office holding,
even in separate departments of the government, is prohibited.
Const. Ark., art 4, § 2.   By accepting the office of recorder appellee
vacated the office of county judge.   2 Ark. 282; 10 Ark. 142.   The
statutory remedy for usurpation of office is not exclusive, and does
not abrogate the remedy by quo warranto or information in the
nature of quo warranto.   At the common law quo warranto was
the proper remedy for usurpation of office.   1 Ark. 279, 304; 1
Ark. 310.   Under the constitution of 1836 the supreme court was
invested with power to issue writs of quo warranto, and the writ
was constantly invoked thereunder in cases of usurpation of office.
Const. 1836, art. 6, § 2; 1 Ark. 279; 1 Ark. 336; 3 Ark. 570; 2

Ark. 260; 2 Ark. 282; 5 Ark. 595. This power was continued in the supreme court by the subsequent constitutions. *Cf.* Const. 1861, art. 6, § 2; Const. 1864, art. 7, § 2; Const. 1868, art. 7, § 4. This provision of the constitution of 1868 was in force at the time the code remedy (Code Civ. Prac. § § 522-531; Sand. & H. Dig. § § 7364-7372) for usurpation of office was adopted, and could not be altered or abolished thereby. 23 Am. & Eng. Enc. Law (2d Ed.), 608; 5 Kan. 213, 220; 142 Mo. 325. Such was the construction placed upon the law under the constitution of 1868. 26 Ark. 28; 27 Ark. 12; *Ib.* 176; *Ib.* 398; 28 Ark. 455. The contemporaneous construction thus placed on the power is conclusive as to the effect and purpose. 17 Mass. 121. The continued existence of the remedy, concurrently with that provided by the code, was recognized after the adoption of the present constitution. 39 Ark. 555; 48 Ark. 321. The constitution of art. 7, § 7; art. 12, § 3; art. 7, § 1. The constitutional prohibition against dual office holding does not apply to municipal offices. 9 So. 7; 33 L. R. A. 618; 41 Mo. 29; 62 Mo. 370; 58 Kan. 1874 limited the *quo warranto* jurisdiction of the supreme court to certain cases, not including usurpation of office (art. 7, § 5); and invested circuit courts with all jurisdiction not expressly conferred on some other court. *Ib.* art. 7, § 11. The jurisdiction, in usurpation cases, to issue writs of *quo warranto* was thus conferred on circuit courts. 34 Ark. 188; 48 Ark. 321, 323. The attorney general was the proper party plaintiff. 6 Ark. 227; 27 Ark. 12; 48 Ark. 321; 1 Ark. 279, 304.

*F. M. Rogers,* for appellee.

See as to divisions of powers of government and prohibitions as to dual office holding in the constitutions: Const. 1836, art. 3, § § 1 and 2; Const. 1861, art. 3, § § 1 and 2; Const. 1864, art. 3, § § 1 and 2; Const. 1868, art. 4, § § 1 and 2; Const. 1874, art. 19, § 26. The constitution of 1874 names and divides the offices of each branch of the government; and its silence as to municipal offices is conclusive that they were not contemplated by it. See: 149; 12 Ind. 569; 52 Ind. 599; 15 Am. Rep. 239; 44 La. 783; 3 art. 6, § 1; art. 10, § 1; art. 5; art. 7, § § 29, 34, 38, 46 and 47; Harr. 294; 34 Cal. 520; 62 Cal. 557; 96 Ky. 627; 7 N. Y. 68; 66 Ark. 201. The statutory provisions as to usurpation of office are

constitutional. 68 Ark. 555, 558; 69 Ark. 606-610. The attorney general had no power to institute the suit. *Cf.* Sand. & H. Dig. §§ 3282, 7364-7368.

BUNN, C. J. This cause was prosecuted in the Desha circuit court on an information in the nature of a proceeding by quo warranto by the attorney general against Henry Townsend, to oust him from the office of county and probate judge of said county of Desha, to which he had been elected at the preceding election, and for which he had qualified and was acting, on the ground that he, after he had entered upon the duties of said office, had accepted the office of recorder of the town of Arkansas City, in said county, and by said acceptance of the recorder's office he had vacated the office of county and probate judge of the county.

A general demurrer to the petition was interposed, and thus the questions are raised, first, whether or not the acceptance of the latter office was a forfeiture of the former, and also whether the attorney general was authorized to institute this proceeding.

There are or may be two grounds upon which it may be successfully maintained that one who holds an office and accepts another, and endeavors to exercise the duties of both at the same time, will be ousted of the former in a proper proceeding and on proper showing. One is that the holding of the two offices at the same time is forbidden by the provisions of the constitution, and the other is where the duties of the two offices are incompatible.

The provisions of our constitution on the subject are contained in sections 6 and 26, article 19. Section 6 is: "No person shall hold or perform the duties of more than one office in the same department at the same time, except as expressly directed or permitted by this constitution." It is also provided in the 26th section, same article, that "militia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office." It is also provided in sections 1 and 2, article 4, under the heading of "departments," thus: "The powers of the government of the state of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, towit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another."

Section 2. "No person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

The object of these several provisions is to emphasize the fact that the officers and offices of the state are divided into three great classes, the legislative, the executive, and the judicial. And the further fact that a person cannot at the same time exercise the duties of more than one office in either of these departments; neither can he exercise the duties of an office in one of these departments, and at the same time those of an office in either one of the other two departments. It follows that, in so far as regards the offices contemplated in these provisions of the constitution, there is a perfect and absolute inhibition against holding two offices at one and the same time, with the exception named in section 26, article 19.

Our inquiry, then, is narrowed down to one as to what are the offices to be affected by these constitutional provisions, and are the offices of county and probate judge and of a recorder of a town such offices as are contemplated in the constitutional provisions?

The office of county and probate judge is provided for in the constitution, and while his jurisdiction is such as that he is ordinarily named as, and is in fact, a county officer, yet his office is clearly within the judicial department of the state government, the counties being merely integral and necessary parts of the state government. It is not necessary to say anything as to the character and classification of this office further than that he is a judicial officer, and is in the judicial department, and is a state officer within the meaning of the constitutional provision on the subject.

The more difficult question is as to the character and classification of the office of recorder of a town. It is contended by the attorney general that as section 43, article 7, of the constitution, authorizes the general assembly to invest corporation courts with jurisdiction in civil and criminal matters, concurrent with justices of the peace, and as the general assembly has invested such jurisdiction in the mayor's court, and as the recorder acts in the place of the mayor in his absence or inability to act, therefore, in so far

at least, the recorder is a judicial officer, and is prohibited from holding any other judicial office at one and the same time. He may be a judicial officer while exercising the functions of the mayor's court, but this does by no means show that he is a state judicial officer within the meaning of the constitutional provisions we are considering. The great weight of authority, if not the unanimous voice of authority, is to the effect that municipal officers are not to be regarded as officers who are affected by the constitutional prohibition against holding two offices at one and the same time. *Attorney General* v. *Connore,* 9 S. W. Rep. 7; *Britton* v. *Steber,* 62 Mo. 370; *Abry* v. *Gray,* 58 Kan. 149; *Waldo* v. *Wallace,* 12 Ind. 569; *State* v. *Kirk,* 44 Ind. 401; *State* v. *Taylor,* 44 La. Ann. 783; *State* v. *Wilmington,* 3 Harr. (Del.) 294; *People* v. *Provines,* 34 Cal. 520; *Payne* v. *Rittman,* 66 Ark. 203; *People* v. *Conover,* 17 N. Y. 68.

Municipalities are organized by statute under constitutional authority, and in the case of corporation courts—mayor's courts, for instance, which are occasionally held by the recorder as we have seen—the law conferred upon them, by statute, the jurisdiction of justices of the peace. Still this officer is appointed by the municipal authorities, and is removable by the same tribunal. He is therefore not a state officer in the sense of the constitutional provisions prohibiting one person to hold two offices at one and the same time.

Are the offices of county and probate judge and recorder of a city incompatible? In *State* v. *Feibleman,* 28 Ark. 425, this character of case was presented to this court under the constitution of 1868, and it was held that: "At common law the incompatibility of officers has been clearly defined, and their exercise by the same person prohibited." Citing numerous authorities, continuing, this court said: "The proper inquiry in this case is: Are the offices of supervisor and circuit clerk incompatible? In other words, does the discharge of the duties of the one conflict with the duties of the other, to the detriment of the public good? The office of circuit clerk is of recent creation, and the duties thereof, with the exception of those as *ex officio* recorder, relate solely to the business of the circuit court, and in no way, that we can conceive, is the incumbent called upon to minister to the court of supervisors [or county court]. We can very readily see how

the office of county clerk might be incompatible with that of county supervisor; for, in that event, the supervisor, acting as clerk, might be called upon to execute his own orders; but the act creating the office of supervisor expressly provides that, in those counties entitled by law to the office of circuit clerk, the county clerk shall be clerk of the supervisor's court." *Held,* that the acceptance of the office of deputy circuit clerk did not disqualify Millen from holding the office of supervisor, that is, a member of the county court, there being no vacancy in the latter office. This case is cited merely to show that, when not prohibited by constitutional provision, the holding of two offices by one person may nevertheless be prohibited on the ground that they are incompatible, and otherwise according to the facts.

The duties of a recorder of a town do not conflict, as we can see, in any way with those of a county and probate judge.

There is no necessity to discuss the question as to the authority of the attorney general to institute proceedings by *quo warranto,* or proceedings in the nature of *quo warranto;* or whether such proceeding has been replaced, except in certain instances, by the action at law for ursurpation of office.

Affirmed.