The Honorable Lonnie P. Clark State Representative P. O. Box 406 Berryville, Arkansas 72616
Dear Representative Clark:
This is in response to your request for an opinion regarding Ordinance No. 415 which was passed by the City Council of the City of Green Forest, Arkansas. The following questions have been raised with respect to this Ordinance:
1) Whether it is consistent with State law;
 2) Whether it raises a conflict of interest for Councilmen to be Commissioners.
Ordinance No. 415 provides for the Mayor's appointment of commissioners to oversee the water, sewer, streets, alleys and parks, and police and fire departments of the City of Green Forest. Section 2 of the Ordinance states that "[a]ll commissioners appointed hereunder shall be the Aldermen of the Green Forest City Council." The commissioners are to advise the Mayor and the department heads regarding "further courses of action" and may "take such other action as the Mayor shall direct." Section 3, Ordinance No. 415.
Relevant to your first inquiry is the well established rule that cities may not pass any law which conflicts with the general laws of the State. See Ark. Const. Art. 12, 4; A.C.A. 14-54-101 (Supp. 1987). Article 12, Section 4 of the Arkansas Constitution is explicit in stating in pertinent part that "[n]o municipal corporation shall be authorized to pass any law contrary to the general laws of the state." Your first question therefore requires a review of Ordinance No. 415 in the light of existing law.
A.C.A. 14-42-107 (Supp. 1987) appears to be dispositive of the issue. This statute provides in pertinent part as follows:
 No alderman or member of any council shall, during the term for which he shall have been elected, or one (1) year thereafter, be appointed to any municipal office which was created or the emoluments of which shall have been increased during the time for which he shall have been elected. No such alderman or member shall be appointed to any municipal office except in cases provided for in this Act, during the time for which he may have been elected.
Ordinance No. 415 would appear to be in direct conflict with 19-909 due to its provision for the appointment of the City Aldermen to the position of "commissioner." This position is created under the Ordinance. The Mayor appoints the commissioners, "who shall be the Aldermen of the Green Forest City Council." The Ordinance also conflicts with the general prohibition found in 14-42-107 against the appointment of aldermen or city council members to "any municipal office." We find no exception for the proposed "commissioner" positions.
It must therefore be concluded that Ordinance No. 415 is contrary to State law.
You have also asked whether a conflict of interest arises under Ordinance No. 415. There are no constitutional or statutory provisions proscribing the holding of both positions. The inquiry must then focus on whether the duties of the two offices are incompatible. See State Ex. Rel. Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1909); Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966).
This is ordinarily a question of fact which cannot be resolved by this office. It should be noted, however, that factors to be considered in this regard include whether the City Council members will possess oversight responsibilities with respect to the "commissioners" appointed under the Ordinance, such that the councilmen will be in a position to effectively pass judgment on their own actions or on other matters relating to their positions as "commissioners." This indicator of potential incompatibility may be absent if the Mayor is the one ultimately responsible for directing the commissioners' action.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.