The Honorable Bud Rice State Representative P.O. Drawer "H" Waldron, AR 72958
Dear Representative Rice:
This is in response to your request for an opinion on the following question:
 Is it a conflict of interest for an elected city, county, or state official to serve on a non-profit organization board such as the Area Agency on Aging Board?
It must be initially noted that as a general rule, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966).
We find no constitutional or statutory provisions generally precluding a city, county or state official from serving on the Board of an Area Agency on Aging ("Agency"). And while the particular municipal or state office must be considered when addressing the question of incompatibility, service in both positions would not, as a general matter, appear to suggest a conflict based upon incompatibility of offices. The Arkansas Supreme Court has expressed the incompatibility question as follows: "In other words, does the discharge of the duties of one conflict with the duties of the other, to the detriment of the public good?" State ex rel. Murphy v. Townsend, 72 Ark. 180, 184,79 S.W. 782 (1909).
While this is essentially a question of fact to be resolved by the judiciary following a review of the particular office and duties involved, we perceive no apparent conflict by virtue of the mere holding of these positions. It should be recognized, however, that certain instances may arise in which the propriety of the officer's participation in official action affecting the Agency must be considered. The question of whether the official should refrain from participating in governmental action must be addressed on a case by case basis.
We must also note that your general question involving other non-profit organization boards cannot be answered in the absence of identification of a specific office and board. As previously stated, the determination of whether an unlawful conflict exists necessitates a review of constitutional or statutory provisions, as well as consideration of the particular duties of each position. While we are therefore unable to offer a conclusive response to your general question, we hope that the foregoing offers some guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.