The Honorable Mike Beebe State Senator 211 Arch Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the propriety of a State administrative law judge serving concurrently as a municipal judge.
For the reasons that follow, it is my opinion that the situation you describe would be violative of the Arkansas Constitution.
Two provisions of the Arkansas Constitution require discussion in order to resolve your question. The first is Arkansas Constitution Art. 19, 6, which provides:
 No person shall hold or perform the duties of more than one office in the same department of government at the same time, except as expressly directed or permitted by this Constitution. [Emphasis added.]
As can be seen, this provision only prohibits the holding of dual offices in the same department of government. That is, an individual may not, under this provision, hold two offices in the executive branch, two offices, in the legislative branch, or two offices in the judicial branch. Additionally, this provision has been interpreted to apply only to state offices. Peterson v. Culpepper, 72 Ark. 230, 79 S.W. (1906); State ex rel. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1984). It therefore does not prohibit the holding of two offices in the same department if one or both of the offices is not a state office.
The second constitutional provision requiring discussion is Arkansas Constitution Art. 4, 2 which provides:
 No person, or collection of persons, being one of these departments, [the executive, judicial, or legislative] shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
It has been held under this provision that one cannot hold office as both state treasurer and a justice of the peace; the former being executive, and the latter judicial. State v. Hutt, 2 Ark. 282
(1840). The same is true of the offices of deputy sheriff and justice of the peace, for the same reason. State Bank v. Curran,10 Ark. 142 (1849.)
In light of these two constitutional provisions, two issues must be resolved in order to definitively answer your question. We must determine whether both offices are state offices, and to which branch each office belongs.
It is my opinion that for purposes of these two constitutional provisions, the office of municipal judge is a part of the judicial branch of state government. This is so because the constitution itself provides for the vesting of jurisdiction in the municipal courts. Arkansas Constitution Art. 7, 1 provides:
 The judicial power of the State shall be vested in one Supreme Court, in circuit courts, in county and probate courts, and in justices of the peace. The General Assembly may also vest such jurisdiction as may be deemed necessary in municipal corporation courts, courts of common pleas, where established, and, when deemed expedient, may establish separate courts of chancery. [Emphasis added.]
It is my opinion that this provision contemplates the municipal courts as included in the "judicial power of the State." It is also my opinion that this conclusion is buttressed by the following language from State ex rel. Murphy v. Townsend, supra, wherein a county and probate judge was held to be a part of the judicial branch of state government.
The office of county and probate judge is provided for in the constitution, and while his jurisdiction is such as that he is ordinarily named as, and is in fact, a county officer, yet his office is clearly within the judicial department of the state government, the counties being merely integral and necessary parts of the state government. It is not necessary to say anything as to the character and classification of this office further than that he is a judicial officer, and is in the judicial department, and is a state officer within the meaning of the constitutional provision of the subject.
72 Ark. at 183.
Although administrative law judges can be either state or federal depending upon their particular function, the premise of your question presupposes that the administrative judge with whom you are concerned is a part of state government.
In my opinion, therefore, that both offices may be classified as state offices for purpose of your inquiry. This brings us to the second issue for resolution: to what branch of state government do these offices belong? It is clear that a municipal judge is a part of the judicial branch. Ark. Constitution Art. 7, 1 supra. The office of state administrative law judge, however, is not so easily classified. In any event, resolution of this issue is unnecessary, as whatever the result, the answer to your ultimate inquiry will be the same. If a state administrative law judge serves in the judicial branch, he or she cannot also hold the position of municipal judge under Arkansas Constitution Art. 19,6. If, however, a state administrative law judge belongs to another branch of state government, he or she is prohibited from also holding the position of municipal judge by virtue of Arkansas Constitution Art. 4, 2.
Thus, whatever the status of a state administrative law judge, we must conclude that this individual cannot lawfully serve concurrently as a municipal judge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.