The Honorable Bobby Tullis State Representative Box 277 Mineral Springs, AR 71851
Dear Representative Tullis:
This is in response to your request for an opinion on the following question:
 Is it lawful for an incumbent member of the Arkansas General Assembly to become a paid employee of one of the constitutional offices identified in Amendment 56
to the Arkansas Constitution?
Section 1 of Amendment 56, which outlines the composition of the Executive Department, states that it "shall consist of a Governor, Lieutenant Governor, Secretary of State, Treasurer of State, Auditor of State, Attorney General, and Commissioner of State Lands. . . ." It is my opinion that the mere employment of a member of the General Assembly in one of these offices would not necessarily in itself be unlawful. It should, however, be recognized that "[n]o Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State." Ark. Const. Art. 5, 10.
Article 4 of the Arkansas Constitution must also be noted wherein it states that "[n]o person, or collection of persons, being one of [the three departments of government] shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Ark. Const. Art.4, 2.
A determination must therefore be made that the employment in question is not, in face, a "civil office". See generally Haynes v. Riales, 226 Ark. 370, 290 S.W.2d 7 (1956) (distinguishing between civil office and mere employment for purposes of Ark. Const. Art.5, 10; public officer as one whose duties are ordinarily prescribed by law and continuing in nature, and who exercises some portion of the sovereign power. 226 Ark. at 374-375). And consideration must be given to whether or nor the incumbent legislator would be exercising "any power belonging to" another branch of government, contrary to Article 4, 2, in h is or her particular position of employment. See e.g. State Bank v. Curran,10 Ark. 142 (1849) (challenge to service of justice of the peace as deputy sheriff; the power conferred on a deputy sheriff is co-extensive with that of sheriff, ". . . and it is the exercise of that power which is prohibited by the constitution."10 Ark. at 146). This "separation of powers' doctrine was also discussed in Fulkerson v. Refunding Board of Arkansas, 201 Ark. 957, 147 S.W.2d 980
(1941) as follows:
 `The object of these several provisions is to emphasize the fact that the officers and offices of the state are divided into three great classes, the legislative, the executive, and the judicial. And the further fact that a person cannot at the same time exercise the duties of more than one office in either of these departments, neither can he exercise the duties of an office in one of these departments, and at the same time those of an office in either one of the other two departments. . . .
201 Ark. at 970, quoting from State v. Townsend, 72 Ark. 180,79 S.W. 782 (1904).
While a conclusive determination as to a particular position may require consideration of fact questions arising under the foregoing constitutional provisions, it is my opinion that the answer to your question is, generally, "yes".
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.