The Honorable Charlie Cole Chaffin State Senator Route 3, Box 1057 Benton, AR 72015
Dear Senator Chaffin:
This is [in] response to your request for an opinion on the following question:
 Can the Governor appoint a newly elected municipal judge who holds another appointment as city judge of a second class city to finish out this term of a municipal judge who resigned?
It is my understanding that your question no longer involves a vacancy in the municipal judgeship, but rather is focused upon whether the city judge of a second class city can take office in January as the newly elected municipal judge in a city of the first class and thereafter serve in both positions.
It is my opinion that the city judge can lawfully serve simultaneously as municipal judge. There is no statutory conflict in this instance; nor, in my opinion, does a conflict arise due to the incompatibility of offices. See generally Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). It is also my opinion that Article19, 6 of the Arkansas Constitution, the only potential basis for a constitutional conflict, presents no impediment to one's simultaneous service in these two positions. Article 19, 6 states:
 No person shall hold or perform the duties of more than one office in the same department of government at the same time, except as expressly directed or permitted by this Constitution.
The offices of city judge and municipal judge are clearly both within the judicial branch of government. It must also be recognized, however, that this provision has been interpreted to apply only to state offices. Peterson v. Culpepper, 72 Ark. 230, 79 S.W. 783 (1906); State ex rel. Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1904). Significant for purposes of your question is the fact that, according to the Arkansas Supreme Court in Murphy v. Townsend, supra, the recorder of a town, who ". . . may be a judicial officer while exercising the functions of the mayor's court" [now city court], is not a state judicial officer within the meaning of Article 19, 6. The court stated:
 Municipalities are organized by statute under constitutional authority, and in the case of and in the case of corporation courts — mayor's courts, for instance, which are occasionally held the recorder as we have seen — the law conferred upon them, by statute, the jurisdiction of justices of the peace. Still this officer is appointed by the municipal authorities, and is removable by the same tribunal. He is therefore not a state officer in the sense of the constitutional provisions prohibiting one person to hold two offices at one and the same time.
Murphy v. Townsend, 72 Ark. at 184.
This case thus supports the proposition that a city court judge who serves by appointment of the mayor (A.C.A. 16-18-112(b)) is not a state officer for purposes of Article 19, 6. There is, in my opinion, no constitutional impediment to his or her simultaneous service as municipal judge in another municipality.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] City courts were formerly referred to as "mayor's courts" and are presided over by the mayor or a designated justice of the peace (A.C.A. 14-14-108(a) and (b)), the city recorder (A.C.A. 14-42-111), or by a qualified elector or licensed attorney appointed by the mayor. A.C.A. 16-18-112(b).