The Honorable Brent Haltom Prosecuting Attorney 8th Judicial District P.O. Box 8 218 E. 2nd Street South Prescott, AR 71857
Dear Mr. Haltom:
This is in response to your request for an opinion on the following question:
 May a salaried deputy county clerk also serve as and receive compensation for serving as the county director of the Office of Emergency Services?
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966).
I can find no constitutional or statutory provision precluding an individual from serving in these two positions.[1] This assumes that the law governing ethics for county officers and employees is not violated. This body of law states in relevant part as follows under A.C.A. 14-14-1202(a):
 The holding of public office or employment is a public trust. . . . The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
This statutory prohibition requires a factual review, based upon the particular circumstances in each case.
The question then becomes whether the duties of the two positions are incompatible. See, e.g., State ex rel. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1909). While this is essentially a question of fact to be resolved by the judiciary, I perceive no apparent conflict by virtue of the mere holding of these positions.
Consultation with the State Offices of Emergency Services should be had, however, in light of the fact that it has authority at A.C.A. 12-75-118(i)(2) (1987) to promulgate minimum standards for local emergency services directors. Failure to meet any such standards, or noncompliance with any part of Chapter 75 of Title 12 (The Arkansas Emergency Services Act of 1973) may result in the state office's decision to reduce or terminate funding for emergency service programs in which the county participates. It should also be noted that the local directors of emergency services are approved for participation in federal funding by the State Director of Emergency Services. A.C.A. 12-75-118(i)(1).
The State Office of Emergency Services should therefore be consulted with regard to the dual service about which you inquire.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The second office involved in your question is the county director of the county office of emergency services (see A.C.A.12-75-118 (1987)). This official is appointed by the county judge. See A.C.A. 12-75-118(i)(1).