The Honorable Sandra D. Rodgers State Representative P.O. Box 595 Hope, Arkansas 71802-0595
Dear Representative Rodgers:
This is in response to your request for an opinion on the following three questions:
 1. Act 1078 [of 1999] eliminates County Boards of Education and assigns functions formerly performed by the boards to various other agencies. The duty to fill vacancies on local school boards was assigned to the quorum court. In light of Act 1078, is service on both a local school board and the quorum court compatible?
2. If they are not compatible, what is the preferred solution?
 3. If the preferred solution is voluntary resignation from one of these offices and the office holder does not voluntarily resign, what is the solution to that situation?
RESPONSE
You have not indicated the exact circumstances giving rise to your questions. The circumstances may affect the legal outcome. It is my opinion, as a general matter, that the new and limited authority of the quorum court to fill school board vacancies does not prohibit, in all cases, simultaneous service as both a quorum court member and school board director. In the limited circumstance, however, when the quorum court has an opportunity to fill a school board vacancy, it may not, in my opinion, fill that vacancy with one of its own members. Barring this circumstance, it is my opinion that the dual service is permissible.
Question 1 — Act 1078 [of 1999] eliminates County Boards of Education andassigns functions formerly performed by the boards to various otheragencies. The duty to fill vacancies on local school boards was assignedto the quorum court. In light of Act 1078, is service on both a localschool board and the quorum court compatible?
As stated above, it is my opinion that the dual service will be permissible in many circumstances, but the quorum court, if given an opportunity to fill a school board vacancy, may not fill the office with a fellow member of the quorum court.
Act 1078 of 1999 is a lengthy act and Section 36 thereof amends an existing statute, specifically, A.C.A. § 6-13-611(b), effective July 1, 2000. The act only amends subsection (b) of the statute, but it will be helpful to set out the entire statute below, indicating the new language:
 (a) If a vacancy occurs on the school district board of directors, the vacancy shall be filled by a majority vote of the remaining directors.
 (b) If, as a result of several vacancies on the board, only a minority of the directors remains, [sic] or if the remaining directors fail to fill the vacancies within thirty (30) days, the vacancies shall be filled by appointment of the county board of education quorum court.
 (c) All appointed directors shall serve only to the next annual school election, at which time the electors shall select in the usual manner directors to serve the unexpired terms of the vacating directors.
Subsection (b) above only gives the quorum court the power to fill a school board vacancy if there are insufficient remaining school directors to fill the vacancy, or if the school board fails to do so. Your question is whether this fact renders "not compatible" the dual service of a quorum court member as a school board member. It is my opinion that this limited authority is not sufficient to disqualify a member of the quorum court from service on the school board in all circumstances.
My predecessor issued an opinion in 1992, Op. Att'y Gen. 92-003, which concluded that there is no prohibition against an elected member of the quorum court serving as an elected member of a school district board of directors. Again, you have not indicated whether the circumstances prompting your questions involve a person elected to each position. The 1992 opinion first notes that "[u]nlawful conflicts of interest generally fall within three categories: a constitutional conflict, a statutory conflict, and a conflict that arises due to the incompatibility of offices." Op. Att'y Gen. 92-003 at 1, citing Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). The opinion concluded that there was no constitutional or statutory prohibition against the dual service. The opinion also found that the offices were not "generally incompatible," noting that:
 The quorum court does not exercise general supervisory authority over the schools, nor are the local school board members subject to removal by the city council.[1] The usual indicators of incompatibility are therefore absent. See generally Tappan v. Helena Federal Savings and Loan Association, 193 Ark. 1023, 104 S.W.2d 458 (1937). The Arkansas Supreme Court would be unlikely, in my opinion, to conclude with regard to these positions that the duties of one `. . . conflict with the duties of the other, to the detriment of the public good."
Id. at 2, citing State ex rel. Murphy v. Townsend, 72 Ark. 180, 184,79 S.W. 782 (1909).
Opinion 92-003 addresses the simultaneous service an officeholder elected
to both positions. The opinion does not address the question of dual service as regards any appointed members of the quorum court, or the school board. At the time of Opinion 92-003's issuance, this issue was not a relevant consideration because vacancies on the quorum court were, and still are, filled by appointment of the Governor (A.C.A. § 14-14-1310
(b)), and vacancies on school boards were filled either by the remaining school board members or by the county board of education. See former A.C.A. § 6-13-611(b). No potential conflict arose from such appointments as it relates to the dual service question. The question you pose is whether the change in the law brought about by Act 1078, effective July 1, 2000, is significant enough to now render the holding of these two positions "incompatible." It is my opinion that the answer to this question is "no."
The test for the common law "incompatibility of office" doctrine was discussed in Op. Att'y Gen. 99-167, as follows:
 A public officer is . . . prohibited from holding two incompatible offices at the same time, as a matter of public policy, in order to assure not only the actuality of undivided loyalty, but also the appearance thereof. Even though specific constitutional and statutory provisions furnish no bar to the holding of particular offices or positions at the same time, the common law must be considered in determining whether there is any incompatibility therein. . . .
* * *
 Where the functions of two offices are inconsistent, they are regarded as incompatible, but there is no incompatibility of office except as prescribed by the constitution or laws enacted pursuant thereto, or in cases where there is incompatibility of duties in the different positions. The question of incompatibility of necessity depends on the circumstances of the individual case. . . .
* * *
 The inconsistency of functions rendering offices incompatible lies in a conflict of interest. . . . In this connection the issue is whether the occupancy of both offices by the same person is detrimental to the public interest or whether the performance of duties of one interferes with the performance of those of the other. Accordingly, a conflict of interest exists where one office is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one of the offices has the power of appointment as to the other office, or has the power to remove the incumbent of the other or to punish the other. Furthermore, a conflict of interest may be demonstrated by the power to regulate the compensation of the other, or to audit his accounts. [Emphasis added.]
Op. Att'y Gen. 99-167 at 4-5, quoting 67 C.J.S. Officers, § 27(a).
In Opinion 99-167, at issue was the simultaneous service of school board members, school board superintendents or city council members on the county boards of equalization. It was concluded, as regards school board members and city council members, that one factor indicating incompatibility was the fact that each of these offices possessed power to appoint members of the county boards of equalization. This fact was a relevant consideration for incompatibility purposes because the "incumbent of one of the offices ha[d] the power of appointment as to the other office," as quoted above.
The facts in Opinion 99-167 are distinguishable from the facts you present. The office of county equalization board member discussed in Opinion 99-167 is always an appointed, rather than an elected, office. School board members and city council members have the initial and exclusive power to make the relevant appointments to the county board of equalization. To the contrary, under the facts you present, each of the offices in question (school board member and quorum court member) is anelective office. Each is typically filled by election of the people. The quorum court will be allowed to make an appointment to the school board only upon the occurrence of a double contingency: 1) the existence of a "vacancy," and 2) the inability or failure of the school board to fill the vacancy. It is my opinion that this set of facts does not create such a general incompatibility of office as to always preclude the dual service. This is true, in my opinion, in light of the fact that no other potential conflict of interest inheres in the dual possession of the two offices. It is my opinion, nonetheless, that if faced with an opportunity to make an appointment to the school board, a quorum court may not fill the vacancy with one of its own members.[2] See 67 C.J.S. Officers, § 23.
Question 2 — If they are not compatible, what is the preferred solution?
In light of the discussion above, an answer to this question is unnecessary.[3]
Question 3 — If the preferred solution is voluntary resignation from oneof these offices and the office holder does not voluntarily resign, whatis the solution to that situation?
Again, in light of my response to Question 1, an answer to this question is unnecessary.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosure
[1] The reference to the "city council," should presumably be to the "quorum court."
[2] In addition, the quorum court member in question may wish to recuse from the vote taken to fill the vacancy.
[3] I have enclosed for your review in this regard, however, Op. Att'y Gen. 98-193.