The Honorable Jay Bradford Arkansas Insurance Commissioner Arkansas Insurance Department
1200 West Third Street Little Rock, Arkansas 72201-1904
Dear Commissioner Bradford:
You have requested my opinion concerning the legality of a state official simultaneously holding a federal appointment. You state that a new bill would allow the President of the United States to appoint members to the Board of the National Association of Registered Agents and Brokers (NARAB). You report that the National Association of Insurance Commissioners supports the appointment of state regulators to the NARAB Board, but that questions have arisen regarding the legality of such dual service. You have asked, specifically:
 In this regard, is there any constitutional or statutory provision or case law of precedential value which would prohibit this type of activity? If so, what measures could be undertaken to allow for a state office holder to simultaneously serve [under] a federal appointment?
RESPONSE
Although your question refers generally to "a state office holder," I assume from the background information you provided that you are concerned regarding the appointment of the Arkansas Insurance Commissioner to the NARAB Board that would be established under the new bill, the NARAB Reform Act of 2008, H.R. 5611, 110th Cong. (hereinafter "H.R. 5611"). State insurance commissioners are included in the membership of the NARAB Board under this proposed federal legislation. Id. at § 324(c). *Page 2 
In my opinion, there is no state statutory or constitutional provision prohibiting the appointment of the Insurance Commissioner to the proposed NARAB Board. Nor, in my opinion, would this dual service violate the common-law prohibition known as the "doctrine of incompatibility." Accordingly, the answer to your first question is in my opinion "no," rendering your second question moot.
DISCUSSION
The Arkansas Supreme Court has identified three possible types of legal prohibitions against so-called "dual service" by public officers or employees: constitutional prohibitions, statutory prohibitions, and the common law prohibition known as the "doctrine of incompatibility." Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). The most common constitutional prohibitions include Ark. Const. art. 4, §§ 1 and 2 (the so-called "separation of powers" doctrine) and art. 19, § 6 (prohibiting the holding of more than one office in the same department of government).[1] With regard to these provisions, the Arkansas Supreme Court has stated:
 The object of these several provisions is to emphasize the fact that the officers and offices of the state are divided into three great classes, the legislative, the executive, and the judicial. And the further fact that a person cannot at the same time exercise the duties of more than one office in either of these departments; neither can he exercise the duties of an office in one of these departments, and at the same time those of an office in either one of the other two departments. It follows that, in so far as regards the offices contemplated in these provisions of the constitution, there is a perfect and absolute inhibition against holding two offices at one and the same time, with the exception named in section 26, article 19.
State ex. rel. Murphy v. Townsend,72 Ark. 180, 79 S.W. 782 (1904) (emphasis added). As reflected by the emphasized language from this case, the constitutional provisions noted above apply only to state officers and offices.Accord Op. Att'y *Page 3 
Gen. Nos. 2006-127 and 93-302.) It thus seems clear that they present no impediment to the state Insurance Commission's service on the NARAB Board pursuant to H.R. 5611. The latter position plainly is not a state office. Indeed, it seems that a position on the NARAB Board may not be an office at all. See
H.R. 5611 at § 321 (describing the NARAB as a "nonprofit corporation" that is "not to be an agent or instrumentality of the United States Government[.]")
Regarding a possible statutory prohibition, I have found no outright statutory bar to the Insurance Commissioner serving on the NARAB Board. I have considered A.C.A. § 23-61-104 (Repl. 2001), which authorizes the Commission to appoint necessary personnel to assist him in his duties, and which provides that "[a]ll such personnel shall devote their entire business time to their duties in the State Insurance Department." Id. at (a). Even if this requirement applies to the Commissioner, along with his or her assistants, in my opinion it nevertheless stands as no obstacle to the Commissioner's service on the NARAB Board. Pursuant to A.C.A. § 23-61-108 (Repl. 2001), the Commissioner has the authority to "coordinate regulatory activities and administration with other states . . . and with the federal government with respect to the regulation of insurance."Id. at (b)(2). Based on my reading of H.R. 5611, the Commissioner's service on the NARAB Board would be consistent with this authorization.[2] The purpose of the NARAB's purpose, according to the bill, is as follows:
 The purpose of the Association shall be to provide a mechanism through which licensing, continuing education, and other nonresident insurance producer qualification requirements and conditions can be adopted and applied on a multi-state basis (without affecting the laws, rules, and regulations pertaining to resident insurance producers or appointments of producing a net loss of producer licensing revenues to States), while preserving the right of States to license, supervise, discipline, and establish licensing fees for insurance producers, and to prescribe and enforce laws and *Page 4 
regulations with regard to insurance-related consumer protection and unfair trade practices.
H.R. 5611 at § 322.
The purpose of the NARAB, therefore, is to provide a mechanism for multi-state licensing of insurance agents and brokers.[3] The Board is established, in turn, "for the purpose of governing and supervising the activities of the [NARAB] and the members of the [NARAB]." Id. at § 324(a). Given these purposes, it seems that the Commissioner's service on the NARAB Board would be entirely consistent with his authority under A.C.A. § 23-61-108 to "coordinate regulatory activities and administration with other states . . . and with the federal government with respect to the regulation of insurance."
I believe these observations regarding the NARAB and the Board provide the answer to the only remaining question: whether the office of Insurance Commissioner and a position on the NARAB Board might be characterized as "incompatible." The common-law doctrine of incompatibility of office or position involves a conflict of duties between the two offices or positions. 63 Am.Jur.2dPublic Officers and Employees § 60 (2009).[4] The Arkansas Supreme Court has expounded upon this doctrine by observing:
 One commentator has explained, `Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where the antagonism would result in the attempt by one person to discharge *Page 5 
the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both.' Eugene McQuillin, 3 The Law of Municipal Corporations, § 12.67 (3d ed. 1990).
333 Ark. at 549.
Thompson v. Roberts,333 Ark. 544, 549, 970 S.W.2d 239 (1998). See also Byrd v.State, supra.
In my opinion, none of the factors indicating incompatible duties are evident in the case of service by the Insurance Commissioner on the NARAB Board. To the contrary, as explained above, the positions appear compatible.
In sum, I find no state law that would prohibit the Insurance Commissioner from serving on the NARAB Board under H.R. 5611.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Certain other provisions not applicable to your question include Ark. Const. art. 5, §§ 7 and 10 (regarding service in the legislature) and art. 6, § 22 (prohibiting dual office-holding by the State Treasurer, Secretary of State, Auditor, and Attorney General.)
[2] If subsection 23-61-104(a) applies to the Commissioner, such that he is "required to devote [his] entire business time to [his] duties in the [Department]", then it should perhaps be noted that any compensation for membership on the NARAB Board may be unavailable to him. As explained above, I believe such membership is consistent with the Commissioner's duties and authority under the Arkansas Insurance Code. But if subsection 23-61-104(a) is applicable, compensation may be foreclosed under the theory that service on the Board is effectively part of the duties for which he is fully compensated under state law.
[3] "Insurance broker" is defined under the bill as "any insurance agent or broker, excess or surplus lines broker or agent, insurance consultant, limited insurance representative, and any other individual or entity that solicits, negotiates, effects, procures, delivers, renews, continues or binds policies of insurance or offers advice, counsel, opinions or services related to insurance." H.R. 5611 at A.C.A. § 334(3).
[4] It is possible that your question does not implicate this doctrine in light of the NARAB's status as a nongovernmental and nonprofit corporation. H.R. 5611 at § 321. The incompatibility doctrine precludes a public officer from holding anotherpublic office or public employment if doing so might create a conflict of interest. Op. Att'y Gen. Nos. 2009-101. It does not apply when the potential conflict involves simultaneously holding a public office and a private employment. Op. Att'y Gen. 2008-042. Nevertheless, because the NARAB Board would, it seems, exercise considerable governmental authority, I have considered the doctrine's possible application.