. PETERSON *v.* CULPEPPER.

Opinion delivered March 20, 1904.

1. CONSTITUTIONAL LAW—PROHIBITION AGAINST HOLDING TWO OFFICES.— Const. 1874, art. 19, § 6, declaring that "no person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution," refers only to state officers, and does not prohibit the chief of police of a city of the first class from holding the position of deputy sheriff. (Page 234.)

2. OFFICES—INCOMPATIBILITY.—There is no incompatibility between the office of deputy sheriff and that of chief of police of a city of the first class. (Page 234.)

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Action by J. F. Culpepper against the city of Pine Bluff, to which E. A. Peterson was made a party defendant also. Judgment for plaintiff, from which defendant appeals.

Affirmed.

STATEMENT BY THE COURT.

Following is a statement of the case as made by the judge of the Jefferson circuit court, in which this case was tried.

"This action was originally brought by J. F. Culpepper against the city of Pine Bluff to recover salary alleged to be due him for services as chief of police of said city, and which the city refused to pay. The city appeared, and filed a motion to make E. A. Peterson a party defendant, alleging that said Peterson, without collusion with the city, was also claiming the office of chief of police, and the salary thereof for the same months which plaintiff sued for, and asking that they be required to litigate their respective claims between them; the city standing ready to pay the successful party. By consent of plaintiff, Peterson was made a party defendant, and appeared and answered, claiming that he, Peterson, was entitled to the office and salary of chief of police by virtue of an appointment made thereto by H. King White, the mayor of said city, on the 14th day of June, 1903, which he had accepted, and that he had qualified and entered upon the discharge of his duties as such on the 15th day of June, 1903, and that he had continued to hold said office until the present time. The parties having waived a jury, the cause was submitted to the court upon the evidence and briefs of counsel, and upon consideration thereof the court finds the facts as follows:

"That Pine Bluff is a city of the first class, and that plaintiff, J. F. Culpepper, was appointed chief of police of said city by the mayor thereof on the 13th day of April, 1903, and at once duly qualified and entered upon the discharge of the duties

of the office. That the salary of said office is $100 per month, payable monthly as fixed by ordinance. That on the .... day of May, 1903, the plaintiff was suspended from office by the mayor, which suspension was reported to the city council. Upon investigation the council refused to approve the action of the mayor in the premises. On the 28th day of May, 1903, James Gould, sheriff of Jefferson county, Arkansas, appointed the plaintiff deputy sheriff of said county, and on the 30th day of May, 1903, plaintiff took the oath of office as such deputy sheriff, and his appointment was reported to and confirmed and approved by the circuit court of said county, which was then in session. That this appointment was made for a special purpose, which plaintiff afterward abandoned, and that he never performed any service or did any act as deputy sheriff, and resigned as such a few days later. That on the 14th day of June, 1903, Mayor White declared that, by accepting the office as deputy sheriff, plaintiff had abandoned and virtually resigned his office as chief of police, thereby creating a vacancy, which he proceeded to fill by appointing the defendant, E. A. Peterson, chief of police of said city. On the 15th of June, 1903, defendant qualified and gave bond as required by law, and entered upon the discharge of the duties of said office, and has continued to hold and occupy the same and perform the duties thereof up to the present time. That, immediately after the appointment of Peterson, the plaintiff notified the mayor that he, the plaintiff, refused to recognize his removal, and that he was ready and willing to perform all the duties of said office, and has so continued from that to the present time; but the mayor refused to recognize him as chief, or to permit him to act as such. That neither party has drawn the salary, and the city owes the rightful chief the salary of $100 per month from June 1, 1903, up to the present time."

Upon this statement and finding of facts, which we find to be correct, the court declared the law to be as follows:

"1. That the office of chief of police and that of sheriff are not in themselves incompatible, and both may be held by the same individual, if not prohibited by statutory or constitutional law.

"2. That the office of chief of police of a city of the first class is not a state office, nor is it within the prohibition of any

statute of this state or of sections 1 and 2, article 4, or of section 6, article 19, of the constitution of this state.

"3. That by accepting appointment and qualifying as deputy sheriff the plaintiff did not resign or vacate his office as chief of police.

"4. That E. A. Peterson was never legally appointed chief of police, because there was no vacancy in said office at the time, and that he is not entitled to hold the same nor to recover the salary thereof.

"5. That J. F. Culpepper was legally appointed and qualified as such chief of police in April, 1903 ; that he has never been legally removed therefrom ; and that he now holds the same, and is entitled to perform the duties and receive the emoluments thereof, and also to recover the salary of said office from June 1, 1903, to the present time.    Judgment will be entered accordingly."

The appellant filed a motion for a new trial, which was overruled, to which he accepted and appealed to this court.

*Taylor & Jones,* for appellant.

A mayor has the right to suspend the chief of police, and the council may ratify his action.   Sand. & H. Dig. § § 5277, 5284.   The offices of chief of police and deputy sheriff cannot be held by the same person.   10 Ark. 142 ; 2 Ark. 282 ; Throop, Pub. Off. § 33 ; 9 B. & C. 418 ; 28 Ark. 426 ; 49 Ark. 140 ; 53 Ark. 516 ; 1 Beach, Corp. § 745 ; 1 Dillon, Mun. Corp. § § 60, 975 ; Tied. Mun. Corp. § 67 ; 32 Ark. 547 ; 33 Ark. 323 ; 31 Ark. 153 ; Sand. & H. Dig. § 5285.

*Bridges & Wooldridge,* for appellee.

The offices of chief of police and deputy sheriff may be held by the same person.   28 Ark. 424 ; 58 N. Y. 304 ; 23 Am. & Eng. Enc. Law, 336 ; 27 Fla. 329 ; 70 Ga. 646 ; Dillon, Mun. Corp. § 26 ; 9 So. 7 ; 33 L. R. A. 618 ; 62 Mo. 370 ; 41 Mo. 29 ; 58 Kan. 149 ; 12 Ind. 569 ; 52 Ind. 599 ; 44 Ind. 401 ; 44 La. Ann. 783 ; 3 Harr. 294 ; 34 Cal. 520 ; 96 Ky. 29 ; Throop, Pub. Off. § 29 ; 67 Ark. 491 ; 70 Me. 490 ; 57 Ark. 83.

HUGHES, J. (after stating the facts). The provisions of the constitution involved in the controversy here are as follows:

Article 4, § 1. "The powers of the government of the state of Arkansas shall be divided into three distinct departments, each of them to be confined to a separate body of magistracy, to-wit: Those which are legislative to one; those which are executive to another, and those which are judicial to another."

Section 2. "No person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

Article 19, § 6. "No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this constitution."

Section 26. "Militia officers, officers of the public schools, and notaries may be elected to fill any executive or judicial office."

In the case of *State* v. *Townsend, ante,* p. 180, a similar question to the question in this case was decided by this court, in which it was held that the duties of the offices of probate judge and recorder of a town were not incompatible; and that where the constitution referred to officers in the provisions above quoted, it meant state officers, and that a recorder of a town was not a state officer. *Payne* v. *Rittman,* 66 Ark. 201.

We are of the opinion that the chief of police of a city of the first class is not a state officer, and that there is no incompatibility between the office of sheriff and the position of chief of police. The duties and powers of the two are sometimes the same, and the manner of discharging them is substantially the same. This falls within *State* v. *Townsend, ante,* p. 180.

Finding no error, the judgment is affirmed.