The Honorable James Scott State Senator Route 1, Box 82-A Warren, Arkansas 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion regarding Arkansas' participation in the Central Interstate Low-Level Radioactive Waste Compact ("Compact"). You have asked, specifically, whether service as Director of the Department of Health or Director of Pollution Control and Ecology and as a member or alternate member of the Compact Commission results in a conflict of interest. You have also inquired as to the authority of this office to initiate legal proceedings to enjoin the establishment of a low-level radioactive waste facility in Arkansas.
Your correspondence appears to be premised in part upon the assumption that the particular Directors in question currently represent Arkansas on the Commission. It should be initially noted that, in accordance with Ark. Stat. Ann. 82-4402 (Cum Supp. 1985), the Governor has recently appointed the Commission member and alternate member, neither one of whom is the Director of the Department of Health or the Director of Pollution Control and Ecology.
I will, nevertheless, address your first inquiry as a hypothetical question since there appear to be no eligibility restrictions for Commission membership. It must be noted in this regard that we find no constitutional or statutory prohibitions applicable to the situation posed. Article 19, 6 of the Arkansas Constitution states that "(n)o person shall hold or perform the duties of more than one office in the same department of the government at the same time. . . ." The Arkansas Supreme Court has held that this prohibition applies to State offices only. Peterson v. Culpepper,72 Ark. 230, 79 S.W. 783 (1909). It is apparent in this instance that Art. 19, 6 does not apply since a member of the Compact Commission does not hold a State "office."
Nor do there appear to be any legislative enactments proscribing this membership or limiting the Directors' authority in this regard. It is significant to note in fact that the Department of Pollution Control and Ecology represents the State, pursuant to Ark. Stat. Ann. 82-1935 (Repl. 1976), "in any and all matters pertaining to plans, procedures or negotiations for interstate compacts in relation to air pollution control."
There is authority for the proposition that a third ground for removal from office arises from "incompatibility." See Boyd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966); State ex rel. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1909). According to this principle, a conflict of interest exists when the duties of the offices are incompatible. Arkansas case law offers very little guidance in this area. While it is certainly conceivable that an argument could be fashioned in this instance based upon the concept of "incompatibility," a review of the Compact Commission's powers and functions indicates that membership on the Commission may actually be consistent with the duties and responsibilities of the Directors in question.
The Director of the Department of Health is the executive officer of the State Board of Health which has general supervision and control "of all matters pertaining to the health of the citizens of the State." Ark. Stat. Ann. 82-109, 82-126 (Repl. 1976). The Director of the Department of Pollution Control and Ecology has responsibilities in connection with the administration of a hazardous waste program. See Ark. Stat. Ann. 82-4201, et seq. (Cum. Supp. 1985). Furthermore, in addition to representing the State in all matters pertaining to interstate compacts involving air pollution control, supra, the Department of Pollution Control and Ecology is specifically authorized by statute to consult and cooperate with, inter alia, other states in this regard. Ark. Stat. Ann. 82-1935(b) (Repl. 1976). The Compact Commission, in turn, is charged with the authority and responsibility to approve the development and operation of regional facilities, which includes the development of criteria "based on the health, safety and welfare of the citizens in the region and the party states." Ark. Stat. Ann. 82-4401, Article V(c) (Cum. Supp. 1985). The stated purpose of the Compact is to provide the framework for a cooperative effort, authorized and encouraged by federal law, "to promote the health, safety and welfare of the citizens and the environment . . ." and "to limit the number of facilities needed to effectively and efficiently manage low-level radioactive wastes and to encourage the reduction of the generation thereof." 82-4401, Article I.
It is reasonable to conclude in light of the foregoing that membership on the Commission is not inherently incompatible with the Directors' functions as head of their respective Departments. It cannot be assumed, in the absence of particular facts, that these functions will exhibit conflicts sufficient to justify removal from office.
In response to your second question, the Attorney General is charged with enforcing the provisions of the Arkansas Radiation Protection Act. Ark. Stat. Ann. 82-1522 (Repl. 1976). This includes instituting suit to enjoin violations. As a general matter, action by the Attorney General in this regard is triggered by the State Radiation Control Agency's notification of violations.
The Attorney General may of course proceed against public officers by mandamus; and such an action may be indicated if the officials involved fail to properly execute their duties in licensing such a facility.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.