The Honorable Henry Wilkins, III State Representative 303 North Maple Street Pine Bluff, AR 71601
Dear Representative Wilkins:
This is in response to your request for an opinion on the following specific questions:
 1. Is it lawful for a prosecuting attorney to serve as a deputy sheriff in a county in which he serves? If it is unlawful for a person to hold both offices, what sanctions may be imposed against a person in violation of such restriction?
 2. Is it lawful for a member of the State Police Commission to serve as a deputy sheriff? If it is unlawful for a person to hold both offices, what sanctions may be imposed against a person in violation of such a restriction?
As a general rule, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
There are no constitutional provisions applicable in this instance, since the office of deputy sheriff does not constitute a state office. See State ex rel. Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1904); Peterson v. Culpepper, 72 Ark. 230,79 S.W. 783 (1904). Arkansas Code of 1987 Annotated 16-22-210 may, however, raise a statutory conflict, in response to your first question. This code section states:
 No clerk of any court of record in this state or sheriff, while he continues to act as such, shall under any pretense whatever act as an attorney at law in the court of which he is clerk or in the county in which he is sheriff.
A question may arise with respect to the applicability of this provision to a deputy sheriff. A deputy does, however, possess all the powers of the sheriff and may perform any of the duties required by law to be performed by the sheriff. See A.C.A.14-15-503. An argument may therefore be fashioned in this regard.
While there are no Arkansas cases directly on point, another potential challenge to a prosecuting attorney also serving as a deputy sheriff is premised upon the asserted incompatibility of these offices. While this is ultimately a question which must be resolved by the judiciary, the statutory duties of the prosecuting attorney and deputy sheriff may, in several respects, reflect a conflict. The prohibited conflict of interest arising from the incompatibility of public offices has been identified as follows:
 The inconsistency, which at common law makes offices incompatible, . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other.
Tappan v. Helena Federal Savings Loan Ass'n. of Helena, Ark.,193 Ark. 1023, 1024, 104 S.W.2d 458 (1937), citing 46 C.J. p. 942. The Arkansas Supreme Court has also stated that the proper inquiry is whether the discharge of the duties of one office conflicts with the duties of the other, ". . . to the detriment of the public good." State ex rel. Murphy v. Townsend, supra at 184.
It is significant to note in this regard that the prosecuting attorney has the duty under A.C.A. 16-118-105 to institute actions against all person who usurp county offices. The prosecuting attorney may also issue subpoenas in all criminal matters, directed to the sheriff; and the failure of any officer to serve the subpoena constitutes a misdemeanor punishable by fine or imprisonment or both. A.C.A. 16-43-212. The prosecuting attorney is responsible, moreover, for bringing suit against collecting officers, including the sheriff, for deficiencies due in connection with the collector's statutory duty to collect finds, penalties and forfeitures. A.C.A. 16-96-401(f). The prosecutor's duty in this regard extends to the prosecution of the officers for malfeasance in office. Id.
The case of State Bank v. Curran, 10 Ark. 142 (1849) may also offer guidance in this regard wherein the Arkansas Supreme Court determined that the offices of Justice of the Peace and deputy sheriff were incompatible. The court first rejected the contention that a distinction should be drawn between the office of sheriff and deputy sheriff, noting that the power conferred upon the deputy is co-extensive with that of the sheriff, and that the exercise of that power is the focus of concern. Id. at 146. The court then continued by citing various functions of both offices which reflected a conflict, including the JP court's settlement with the sheriff for collected revenues and the sheriff's execution of process ordered and directed by the court. Id.
The foregoing reflects areas of conflicts between the offices of prosecuting attorney and deputy sheriff that may support a challenge based upon their incompatibility. A determination that the offices are indeed incompatible would result in the person's removal from the earlier position. The Supreme Court has stated that in the event of incompatibility, where there is no controlling constitutional provision or statutory law to the contrary the officeholder will retain the last office accepted. Byrd v. State, supra.
Your second question involved a State Police Commission member serving as a deputy sheriff. The Arkansas State Police Commission ("Commission") was created pursuant to A.C.A. 12-8-102. The Commission's powers and duties are set forth under A.C.A.12-8-103, which states in pertinent part as follows:
 (a) The Arkansas State Police Commission is directed to approve or disapprove each promotion or demotion and review each application for employment presented to it by the director for certification to the eligibility list.
 (b) The Arkansas State Police Commission is directed to hear appeals and approve or disapprove any disciplinary action taken against an employee by the director that results in transfer or loss of rank, pay, or seniority.
 (c) The members of the Arkansas State Police Commission are granted disciplinary authority equal to that of supervisory and administrative personnel of the department with respect to violations of rules and regulations committed by a State police officer in the presence of a commissioner.
* * *
 (f) However, members of the commission shall not exercise police powers or functions, neither shall they identify or equip their personal automobiles as a police car.
While there appear to be no Arkansas cases addressing this question, it may be concluded following a review of 12-8-103 that the legislature has expressed its intent to preclude members of the Commission from exercising law enforcement authority. A statutory conflict may therefore arise in this instance due to the deputy sheriff's authority to perform any duties of the sheriff, including the duty to ". . . quell and suppress all assaults and batteries, affrays, insurrections, and unlawful assemblies." See A.C.A. 14-15-503 and 14-14-1301(a)(5).
As noted in response to your first question, in the absence of a controlling constitutional or statutory provision, the officeholder will be deemed to have vacated the earlier position by virtue of his acceptance of another office when the two are in conflict.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:ljm