The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936
Dear Senator Walters:
This is in response to your request for an opinion regarding the election of a city police chief to a justice of the peace position on the county quorum court. You have asked whether this represents a conflict of interest.
It is my opinion that the mere holding of both positions does not create a conflict of interest proscribed by Arkansas law. As a general rule, there are three categories of unlawful conflicts of interest:
 a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
We find no constitutional provision precluding one from serving in these two positions. The Arkansas Supreme Court has stated that the chief of police of a city is not a state officer for purposes of Article 19, Section 6 and Article 4, Section 2 of the Arkansas Constitution, which prohibit, respectively, the holding of more than one office in the same department of government and the exercise by any person in one department of any power belonging to another department of government. See Peterson v. Culpepper,72 Ark. 230, 232, 79 S.W. 783 (1906). These provisions have been held to apply to state officers. Id., citing State ex rel. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904).
With regard to a statutory conflict, while there appears to be no general prohibition, reference should be made to any pertinent civil service commission rules and regulations governing the political activities of police department personnel. See A.C.A.14-51-303 (Supp. 1989).
The inquiry must then focus on whether the duties of the two offices are incompatible. "In other words, does the discharge of the duties of one conflict with the duties of the other to the detriment of the public good?" State ex rel. Murphy v. Townsend, 72 Ark. at 184. The Arkansas Supreme Court has stated that a conflict arises where a person holds two offices, one of which is subordinate to the other. Tappan v. Helena Federal Savings Loan Association, 193 Ark. 1023, 104 S.W.2d 458 (1937). The court in Tappan stated:
 The inconsistency which at common law make offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other. . . .
193 Ark. at 1025.
While this is essentially a question of fact, to be resolved by the judiciary, we perceive no apparent conflict by virtue of the mere simultaneous holding of these positions. The question does not appear to pose a situation in which one office is, as a general matter, subordinate to the other. Nor does it appear that the incumbent of one office has the power to remove the incumbent of the other. See generally Tappan, supra. Several factors that have been cited by the Arkansas Supreme Court in connection with an "incompatibility of offices" conflict of interest are therefore not present.
The possibility of a particular conflict in certain instances must, however, be noted. For example, it is my opinion that a prohibited conflict would arise in the event the mayor designated this person to sit in the mayor's stead as justice of the city court. The mayor may, under A.C.A. 14-45-106(b), designate any justice of the peace to serve in this capacity. Because the chief of police would in that instance be in a position to direct process to himself (see A.C.A. 14-52-202), an unlawful conflict would in all likelihood arise, precluding this person's eligibility as a justice of peace sitting on the city court.
It becomes apparent that the incompatibility issue must be considered on a case-by-case basis. As a general matter, however, it is my opinion that the two positions are not incompatible.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.