The Honorable Mike Everett State Senator 412 Broadway Marked Tree, Arkansas 72365
Dear Senator Everett:
This is in response to your request for an opinion on whether it would be an impermissible conflict of interest for the Poinsett County sheriff to hire an elected quorum court member to work as a court bailiff in the Sheriff's department, and whether, if so hired, the quorum court member could vote on issues which involve the sheriff's department.
It is my opinion that the situation you describe would, in all likelihood, be violative of Arkansas law.
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966). It is my opinion that each of these types of conflicts of interest may be implicated by your question.
As an initial matter, the "separation of powers" doctrine contained in art. 4, 2 of the Arkansas Constitution may be implicated by your question. Although there appears to be some confusion as to what extent this provision is applicable to local offices (see Peterson v. Culpepper, 72 Ark. 230, 79 S.W. 783
(1906) and State ex rel. Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1904)), it was held in State Bank v. Curran, 10 Ark. 142
(1849), under a verbatim provision of the Constitution of 1836 (art. 3, 1 and 2), that the offices of justice of the peace and deputy sheriff could not be held by the same person because one belongs to the judicial branch, and the other to the executive.[1] You do not state that the individual in question will be a deputy sheriff, but clearly a court bailiff hired by the sheriff's department, although he may be an officer of the court, would exercise executive powers, and a quorum court member would exercise judicial or legislative powers. (See note 1, supra.)
Secondly, and most importantly, the situation you describe implicates the common law "incompatibility of offices" doctrine. It has been stated under this doctrine that incompatibility exists "where there is a conflict of interest, which includes inter alia, where one office is subordinate to the other." Byrd, supra at 745. See also Tappan v. Helena Federal Savings Loan Association, 193 Ark. 1023, 104 S.W.2d 458 (1937). It was stated in the last cited case as follows:
 The inconsistency which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other.
193 Ark. at 1025.
It is my opinion that the offices of quorum court member and bailiff of the sheriff's department are incompatible. Although the quorum court does not have the authority to remove the bailiff (see Arkansas Constitution, Amendment 55, 3), the quorum court does have the authority to "set the number and compensation of deputies and county employees." The quorum court member would thus be in a position to set his own salary as bailiff. The quorum court member would to this extent exercise supervisory power over the bailiff position contrary to the doctrine set out above.
The conclusion above renders an answer to your second question regarding the extent to which the quorum court member could vote on issues involving the sheriff's department unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] After the adoption of Amendment 55, the office of quorum court member changed to encompass primarily legislative powers. See also A.C.A. 14-14-901.