The Honorable Mike Bearden State Senator P.O. Box 1824 Blytheville, AR 72316
Dear Senator Bearden:
This is in response to your request for an opinion on the following question:
 Is it a conflict of interest for a deputy prosecuting attorney for the Second Judicial District, which includes Mississippi County, to also serve as a police court judge in the City of Manila, which is also located in Mississippi County?
As a general rule, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
Article 19, Section 6 to the Arkansas Constitution states with regard to dual office holding that:
 No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution.
This constitutional analysis is appropriate because the Arkansas Supreme Court in Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976), concluded that deputy prosecuting attorneys were part of the constitutionally prescribed judicial branch of government. Although there is some implicit authority to the contrary (see,e.g., Marshall v. Holland, 168 Ark. 449, 270 S.W. 609
(1925)), this constitutional prohibition has been interpreted to apply only to state offices (Peterson v. Culpepper,72 Ark. 230, 79 S.W. 783 (1906)), and therefore does not forbid the holding of a state judicial office and the holding of a municipal judicial office. State ex rel. Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1904). Municipal officers are not to be regarded as officers who are affected by this constitutional prohibition against holding two offices at the same time. Id. at 184.
As previously discussed, deputy prosecuting attorneys are considered to be officers of the state. In this capacity a deputy prosecuting attorney performs certain statutory functions. Seegenerally A.C.A. §§ 16-21-101—120 (1987 and Cum. Supp. 1991). Nothing in these statutes appears to prohibit a deputy prosecuting attorney from serving as a police court judge. Similarly, there is no express prohibition in the statutes governing police judges. See A.C.A. §§ 16-18-101—112.
Because there appears to be no constitutional or statutory prohibition against such dual service, the question becomes whether this dual service would result in a common law "incompatibility of office" conflict. It has been stated with regard to this doctrine that:
 The inconsistency, which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinant to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other.
Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023,1025, 104 S.W.2d 458 (1937).
Police Courts exercise jurisiction over prosecutions and actions for infractions of by-laws or ordinances of the city (A.C.A. §16-88-101(3)(A) (1987)), and have concurrent jurisdiction with the circuit court and justice of the peace courts for misdemeanors committed within the city. Id. A deputy prosecutor is obligated to prosecute all criminal actions in which the state or any county in this district may be concerned. A.C.A. §16-21-103 (1987). The prosecutor may delegate this authority, however, as to misdemeanors committed within the municipality, to the city attorney if the city attorney is agreeable. A.C.A. §16-21-115. In many instances, therefore, conflicts of interest could be avoided if the city attorney, rather than a deputy prosecutor, were to prosecute criminal actions before the police court.
Potential conflicts of interest may still arise with a deputy prosecutor also serving as police judge, however, because, in some instances, judgments of the police court may be appealed to circuit court. See A.C.A. § 16-18-107. Presumably, the prosecutor's office would handle the appeal, as city attorneys are not authorized to prosecute in circuit court. See Op. Att'y Gen. No. 92-211. This situation might lead to a deputy prosecutor handling the appeal of his own decision as police judge. Additionally, in some instances, a prosecution which has been commenced in circuit court, presumably by the prosecutor's office, may be removed to the police court. A.C.A. § 16-88-103. This situation might result in the deputy prosecutor who instituted the prosecution sitting as a police judge to hear the case (once removed to the police court).
The question becomes whether the potential conflicts noted above are significant enough to prohibit the dual office-holding, or whether they would merely require recusal of the judge or deputy prosecutor in a given instance. In my opinion, these potential conflicts do not rise to a level which would prohibit the holding of both offices under the "incompatibility" doctrine. Although, certainly, dual service as deputy prosecutor and police court judge is fraught with the potential for conflicts of interest, and there may be instances where the deputy proseuctor or police judge, in either capacity, would be required to recuse, there is no indication that one of the offices is "subordinant" to the other, or that one has the power of removal over the other as required for a finding of incompatibility.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh