Ms. Paula Pumphrey, Director Arkansas Adult Probation Commission 323 Center Street, Suite 1210 Little Rock, AR 72201
Dear Ms. Pumphrey:
This is in response to Deputy Director Veter Howard's request for an opinion regarding adult probation officers. I have paraphrased the questions as follows:
 1. Is it a conflict of interest for a person to hold the position of part-time deputy sheriff and also serve as an adult probation officer?
 2. If not, can the part-time deputy sheriff, who is a certified law enforcement officer, carry a firearm in his duties as a probation officer?
It is my opinion, in response to the first question, that the holding of both positions creates a conflict of interest proscribed by Arkansas law.
As a general rule, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
I find no constitutional provision precluding one from holding the offices of both deputy sheriff and adult probation officer. Although Article 19, § 6 of the Arkansas Constitution generally prohibits any person from holding or performing the duties of more than one office in the same department of the government at the same time, this constitutional provision only applies to state officers; i.e., officers who are clearly designated as officers of a department of state government. See e.g., Op Att'y Gen. 91-043. See also Peterson v. Culpepper,72 Ark. 230, 79 S.W. 782 (1904) and State ex rel. Murphy v. Townsend,72 Ark. 180, 79 S.W. 782 (1904). While it was noted in Op. Att'y Gen. 90-174 that it is unclear whether adult probation officers are state or county employees, the office of deputy sheriff clearly does not constitute a state office. See Op. Att'y Gen.88-060. Accordingly, the constitutional prohibition set out above is not implicated.
With regard to a statutory conflict, while there appears to be no general statutory prohibition, reference should be made to A.C.A. § 14-14-1202, which prohibits a county employee from using his "office, the influence created by his official position, or information gained by virtue of his position" to advance his personal economic interest or that of an immediate member of his family. A.C.A. § 14-14-1202(a). This is an issue which also requires a factual review in each instance, but does not stand as an absolute bar to the holding of both positions. Reference should also be had to any pertinent local ordinances governing either deputy sheriffs or probation officers, and to rules and regulations of the Arkansas Adult Probation Commission regarding probation officers.
The inquiry must then focus on whether the duties of the two offices are incompatible. "In other words, does the discharge of the duties of one conflict with the duties of the other to the detriment of the public good?" State ex rel Murphy v. Townsend,72 Ark. at 184. The Arkansas Supreme Court has stated that a conflict arises where a person holds two offices, one of which is subordinate to the other. Tappan v. Helena Federal Savings Loan Association, 193 Ark. 1023, 104 S.W.2d 458 (1937). The court in Tappan stated:
 The inconsistency which at common law make offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other. . . .
193 Ark. at 1025.
For an individual to hold the position of part-time deputy sheriff and also serve as a probation officer does not appear to pose a situation in which one office is, as a general matter, subordinate to the other. Nor does it appear that the incumbent of one office has the power to remove the incumbent of the other.See generally Tappan, supra. It should be noted, however, that conflicts will inevitably arise in the performance of the duties of these two offices. The conflicts which would arise where a deputy sheriff arrests an individual and is then later assigned as a probation officer for that individual are manifest. In my opinion the potential for conflicts in the holding of these two offices is so pervasive as to render the duties of the two offices "incompatible" at common law.
It is therefore my opinion that the answer to your first question is "yes." An answer to your second question is therefore unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh