The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion on whether it is lawful for a person to serve as a member of a county quorum court and as a member of the board of governors of a county hospital at the same time.
The issue presented by your question implicates service by one individual in dual offices. It is necessary to determine initially whether a position on the board of governors of a county hospital is an "office."[1] It is my opinion that it is. The board of governors of a county hospital exercises some part of the state's sovereign power, and their tenure of office and duties are set by statute. See Martindale v. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976).
There are three categories of unlawful conflicts of interest in the context of dual office-holding: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). The existence of any of the three conflicts prohibits the dual office-holding in question.
As to constitutional provisions, Article 19, Section 6 of the Arkansas Constitution prohibits any person from holding or performing the duties of more than one office in the same department of government at the same time.[2] This provision of the Constitution, however, is inapplicable to the offices at issue in your question because it has been interpreted as only applying to state offices. See n. 2, supra. In addition, these offices do not involve the same department of government. Quorum court members serve in a judicial and legislative role, while the members of a board of governors of a county hospital, in my opinion, serve, in all likelihood, in an executive capacity.
The separation of powers doctrine, set forth in Article 4, Section 2 of the Arkansas Constitution, also does not apply to the individual in question. Although this provision states that a person serving in one branch of the government may not exercise any power belonging to another branch, the Arkansas Supreme Court has held that Article 4, Section 2 only applies to state offices. See Op. Att'y Gen. 93-302 (citing Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904)); see also Peterson v. Culpepper, 72 Ark. 230, 79 S.W. 783 (1906). In one case, however, the Arkansas Supreme Court stated that certain county officers are state officials, because they are designated in the Constitution as officers of the judicial department of state government. See Marshall v. Holland, 168 Ark. 449,270 S.W. 609 (1925). In my opinion, however, members on the board of governors of a county hospital are not state officers.[3]
It is, therefore, my opinion that there are no constitutional prohibitions against an individual serving simultaneously as a quorum court member and as a member of the board of governors at a county hospital.
While there are no statutes expressly prohibiting the holding of these two offices by one individual, reference should be made to A.C.A.14-14-1202 and -1205 (Cum. Supp. 1993). Section 1202 prescribes the ethics for county government officers and employees, and section 1205 states that: "No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter." Assuming these provisions are complied with; that is, assuming the quorum court member receives no such funds, I find no statutory conflict prohibiting the same person from serving both as a quorum court member and as a member of the board of governors of a county hospital.
Finally, it must be determined whether the duties of these two offices are incompatible, i.e. whether the discharge of the duties of one office conflicts with the duties of the other office to the detriment of the public good. See Murphy v. Townsend, supra. I should initially point out that the determination of incompatibility of offices is essentially a question of fact to be resolved by a court, and my research has not disclosed an Arkansas case on point. In my opinion, however, the duties of these offices are incompatible.
Incompatibility of offices has been found to exist whenever the statutory functions and duties of the offices conflict or require the officer to choose one obligation over another. 63A Am.Jur.2d Public Officers and Employees, 78 (1984). In addressing incompatibility of offices, the Arkansas Supreme Court has noted the following:
 `The inconsistency, which at common law makes offices incompatible, . . . lies rather in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other.'
Tappan v. Helena Fed. Sav. Loan Ass'n., 193 Ark. 1023, 1025,104 S.W.2d 458 (1937), quoting 46 C.J. 942.
According to section 14-263-101(c), quorum courts have some authority regarding the appointment and functions of county hospital boards of governors. Section 14-263-104(a) provides that the board of governors shall be appointed by the county judge and approved by the quorum court. In addition, the board submits monthly reports to the county judge and quorum court. A.C.A. 14-263-105(f)(1).
In my opinion, it can reasonably be concluded that an individual serving as a member of the quorum court and the board of governors of a county hospital would violate the incompatibility doctrine.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh
[1] It is clear, in my opinion, that the position of county quorum court member is an "office."
[2] Article 19, Section 6 only applies to state officials who are clearly designated as officers of a department of state government. See Op. Att'y Gen. 91-043 (citing Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904) and Peterson v. Culpepper, 72 Ark. 230, 79 S.W. 783 (1906)).
[3] It is also my opinion that A.C.A. 14-14-502(b), the statutory separation of powers provision applicable to counties, does not prohibit the dual service, as the office of county hospital board member is not listed in that section.