The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72701-1048
Dear Senator Malone:
I am writing in response to your request for my opinion on the following question:
 May an elected justice of the peace serve as an appointed city prosecutor who serves by the appointment of and at the pleasure of the elected city attorney?
RESPONSE
In my opinion, the answer to your question is "yes."
At issue is whether holding these dual offices would constitute an unlawful conflict of interest. There are three categories of impermissible conflicts: a constitutional conflict, a statutory conflict and a conflict arising when offices have incompatible duties. Byrd v.State, 240 Ark. 743, 402 S.W.2d 121 (1966).
Two constitutional doctrines potentially bear on this question. ArticleIV, §§ 1 and 2 of the Arkansas Constitution set forth the separation-of-powers doctrine, which prohibits an official serving in one branch of government from exercising any power reserved for another branch. However, this doctrine only applies to state officers. Murphy v.Townsend, 72 Ark. 180, 79 S.W. 782 (1904); Ark Op. Att'y Gen. No.94-065; cf. Marshall v. Holland, 168 Ark. 449, 270 S.W. 609 (1925) (applying the doctrine to several county officers identified in the Constitution as officers of the judicial department of state government). Article VII, § 1 of the Arkansas Constitution expressly identifies "justices of the peace" as vested with "[t]he judicial power of the State," notwithstanding the fact that since the adoption of Ark. amend. LV their duties have been almost exclusively limited to legislative service on the county quorum court.[1] One might consequently conclude that a justice of the peace is a state officer to whom the separation-of-powers doctrine potentially applies. However, this same conclusion does not apply to a deputy city attorney — a position mentioned nowhere in the Arkansas Constitution. As reflected in A.C.A. §14-43-407, a deputy city attorney serves by appointment of the city attorney, who is exclusively responsible for his supervision and for paying his salary unless the city council rules otherwise. Moreover, the prosecutorial functions of city attorneys and their deputies are in large measure defined and dictated by the city council. See Ark. Op. Att'y Gen. No. 95-363. In my opinion, then, your request does not implicate the separation-of-powers doctrine.
A similar conclusion applies with respect to the possible application of Ark. Const. art XIX, § 6, which prohibits an individual from simultaneously holding more than one office in a single department of government. Article XIX, § 6 of the Constitution also applies exclusively to state officials. See Peterson v. Culpepper, 72 Ark. 230, 79 S.W. 783
(1906); Ark. Op. Att'y Gen. 87-408. The constitutional proscription against dual office holding consequently does not apply for the reasons discussed in the preceding paragraph.
The Arkansas Code contains no proscription against dual office holding for either justices of the peace or city attorneys.[2] There is thus no statutory conflict of interest that would bar the dual employment at issue in your request.
The only remaining question is whether the duties of the offices at issue might be characterized as "incompatible." The common-law doctrine of incompatibility bars holding dual offices if the duties of one office would conflict with the duties of the other, to the detriment of the public good. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904). The Supreme Court approvingly recited the following formulation of the doctrine:
 "The inconsistency, which at common law makes offices incompatible, . . . lies . . . in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other."
Tappan v. Helena Federal Savings Loan Association, 193 Ark. 1023,1025, 104 S.W.2d 458 (1937), quoting 46 C.J. 942; see also, Byrd v.State, 240 Ark. 743, 402 S.W.2d 121 (1966).
Although determining incompatibility will necessarily entail a factual inquiry, I perceive no apparent conflict in simultaneously holding the positions at issue. The county quorum court has no financial or supervisory control whatsoever over a deputy city attorney, and the fact that the two positions are in separate levels of government renders them sufficiently remote from each other to preclude any potential conflict of interest. In his role as city prosecutor, the deputy city attorney will presumably be restricted to handling city misdemeanor cases and violations of city ordinances in corporate or juvenile courts, as well as on appeal to the circuit court.[3] This task would appear to be totally unrelated to any task undertaken by a justice of the peace. In my opinion, then, there is nothing incompatible in the two positions.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] In Ark. Att'y Gen. No. 96-106, my predecessor offered the following analysis on this point:
 In accordance with Article 7, Section 1 of the Constitution, the judicial power of the state is vested in "one Supreme Court, in circuit courts, in county and probate courts, and in justices of the peace." (Emphasis added.) See also Ark. Const. art. 7, §§ 40-43. Although the jurisdiction of justice of the peace courts has subsequently been restricted (see Op. Att'y Gen. 87-408), it appears that Amendment 55 did not abolish the judicial authority of justices of the peace. See generally Davis, Comment, County Government Reorganization in Arkansas, 28 Ark. L. Rev. 226 (1974). Indeed, the enabling legislation for Amendment 55 (Act 742 of 1977) provides for the compensation of" all justices of the peace serving in a judicial capacity." A.C.A. § 14-14-1205(b) (Supp. 1995). See also A.C.A. § 14-14-1301(b)(1) (1987) (the justice of the peace "shall preside over the justice of the peace courts and perform such judicial duties as may be prescribed by law. . . .")
[2] With respect to justices of the peace, A.C.A. § 14-14-1205 Code provides: "No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter." On its face, this statute addresses only simultaneous county employment and would not bar accepting a paid position as a deputy city attorney.
[3] In Ark. Op. Att'y Gen. No. 95-243, my predecessor opined that since the enactment of A.C.A. § 16-21-150, the city attorney, not the prosecuting attorney, was charged with prosecuting violations of state law occurring within the limits of the municipality. My predecessor explained his reasoning as follows:
 As explained in Op. Att'y Gen. 95-235, the enactment of A.C.A. § 16-21-150 effected two changes in the law. First, it relieved prosecutors of the responsibility of prosecuting city misdemeanor cases. Under prior law, prosecutors had that responsibility, but could delegate it, to the extent such prosecutions occurred in municipal or other corporation courts, to city attorneys under A.C.A. § 16-21-115 if the city attorney consented. As interpreted by Op. Att'y Gen. 95-235, the enactment of A.C.A. § 16-21-150 relieved prosecutors of the responsibility of prosecuting city misdemeanor cases by implicitly repealing the last clause of A.C.A. § 16-21-115, which formerly permitted city attorneys to decline to be designated to prosecute city misdemeanor cases. As stated in the opinion, city attorneys are now responsible for prosecuting city misdemeanor cases, whether in municipal or other corporation courts, or in juvenile courts.
 Second, the enactment of A.C.A. § 16-21-150 gave city attorneys express statutory authority, and imposed upon them the duty, to prosecute appeals to circuit court of city misdemeanor cases. Prior to the enactment of A.C.A. § 16-21-150, city attorneys had no such authority. See, e.g., Op. Att'y Gen. 93-010.
I agree with this summation, which illustrates the extent of the city attorney's autonomy and freedom from outside influence in prosecuting city misdemeanor cases.