The Honorable Mike Hathorn State Representative Route 2, Box 409 Huntsville, AR 72740-9649
Dear Representative Hathorn:
I am writing in response to your request for an opinion on the following questions:
 1. Is a Deputy Sheriff allowed/qualified to run for Justice of the Peace?
 2. If elected, can he continue to serve as Deputy Sheriff while at the same time serving on the Quorum Court?
RESPONSE
It is my opinion that the answer to your first question is, generally, "yes." In my opinion, the answer to your second question is "no."
Question 1 — Is a Deputy Sheriff allowed/qualified to run for Justice ofthe Peace?
It is my opinion that the answer to this question is, generally, "yes," in accordance with A.C.A. § 21-1-207 (Supp. 2001) which provides as follows:
 Notwithstanding any law to the contrary, no employee of the state, a county, a municipality, a school district, or any other political subdivision of this state shall be deprived of his or her right to run as a candidate for an elective office or to express his or her opinion as a citizen on political subjects; unless as necessary to meet the requirements of federal law[1] as pertains to employees.
I have previously opined that this Code section "clearly permits a county employee, including a deputy sheriff, `to run as a candidate for an elective office.'" Op. Att'y Gen. 99-155 at 2.
The question whether a particular deputy sheriff is qualified to run for justice of the peace in the sense of being a qualified candidate will, of course, involve a separate question of fact under the Election Code.
Question 2 — If elected, can he continue to serve as Deputy Sheriff whileat the same time serving on the Quorum Court?
It is my opinion that the answer to this question is "no." Although it is clear in my opinion that a deputy sheriff is a county employee for purposes of A.C.A. § 21-1-207, supra, regarding political activities of public employees, the question of whether a deputy sheriff can also serve as a quorum court member must be analyzed under the body of law governing unlawful conflicts of interest arising from concurrent service in two positions. Cf. Op. Att'y Gen. 98-035 (regarding concurrent service as civil service employee and city council member). There are three categories of such conflicts: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties.See generally Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). It is my opinion that each of these types of conflicts is implicated by your question.
A constitutional conflict arises, in my opinion, under the "separation of powers" doctrine contained in Arkansas Constitution Article 4, Section 2. This doctrine prohibits members of one branch of government from exercising any powers of another. Although there appears to be some confusion as to what extent this provision is applicable to local offices (see Peterson v. Culpepper, 72 Ark. 230, 79 S.W. 783 (1906) and State exrel. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782 (1904)), it was held inState Bank v. Curran, 10 Ark. 142 (1849), under a verbatim provision of the Constitution of 1836 (art. 3, §§ 1 and 2), that the offices of justice of the peace and deputy sheriff could not be held by the same person because one belongs to the judicial branch, and the other to the executive.[2] The court in Curran rejected the attempted distinction between sheriff and deputy sheriff because a deputy possesses all power of the sheriff, and it is the exercise of that power which is prohibited by constitutional separation of powers. Id. at 146.
A statutory conflict arises, moreover, under A.C.A. § 14-14-502(b) which, similar to Ark. Const. art. 4, § 2, prohibits members of one branch of county government from exercising any powers of another.
Finally, it is my opinion that one's simultaneous service in these positions would also be prohibited by the so-called "incompatibility of offices" doctrine under the common law. It has been stated under this doctrine that incompatibility exists "where there is a conflict of interest, which includes inter alia, where one office is subordinate to the other." Byrd v. State, supra. See also Tappan v. Helena FederalSavings Loan Association, 193 Ark. 1023, 104 S.W.2d 458 (1937). In my opinion the offices of quorum court member and deputy sheriff are incompatible. The quorum court has the authority to "fix the number and compensation of deputies and county employees." Ark. Const. Amend. 55, § 4. See also A.C.A. § 14-14-801(b)(6). The quorum court member would thus be in a position to set his own salary as deputy sheriff. The quorum court member would to this extent exercise supervisory power over the deputy sheriff position contrary to the incompatibility doctrine.
Thus, while a deputy sheriff has a right to run for justice of the peace (see A.C.A. § 21-1-207, supra), it is my opinion that he cannot serve on the quorum court while continuing to serve as deputy sheriff. It should perhaps also be noted in this regard that according to judicial precedent, in the event offices are deemed incompatible, the officeholder will retain the last office accepted. See Byrd, supra. Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The federal "Hatch Act" is sometimes implicated in this regard. That Act, which is codified as 5 U.S.C.A. § 1501 et seq., provides that a state or local officer or employee covered by the act may not be a candidate for elective office. 5 U.S.C.A. § 1502(a)(3); see also Op. Att'y Gen. 96-075. The act applies to individuals whose principal employment by a state or local agency is in connection with an activity that is financed in whole or in part by loans or grants made by the United States or a federal agency. 5 U.S.C.A. § 1501(4). Non-partisan races and candidates for those races are exempted from the Hatch Act.5 U.S.C.A. § 1503.
[2] After the adoption of Amendment 55 to the Arkansas Constitution, the office of quorum court member changed to encompass primarily legislative powers. See also A.C.A. § 14-14-901.