The Honorable Jerry Taylor State Representative P.O. Box 2026 Pine Bluff, AR 71613-2026
Dear Representative Taylor:
I am writing in response to your request for an opinion on the question of the same person being elected and serving as both county coroner and as a member of the quorum court.
RESPONSE
It is my opinion that the same person may not lawfully serve simultaneously as both county coroner and as a member of the quorum court. Dual service in these offices would, in my opinion, give rise to an unlawful conflict of interest under several different theories.
In the context of dual office holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties.Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). It is my opinion that your question implicates each of these types of conflicts of interest.
As an initial matter, the "separation of powers" doctrine contained in Article 4, Section 2 of the Arkansas Constitution may be implicated by your question. Although there appears to be some confusion as to what extent this provision is applicable to local offices (see Peterson v.Culpepper, 72 Ark. 230, 79 S.W. 783 (1906) and State ex rel. Murphy v.Townsend, 72 Ark. 180, 79 S.W. 782 (1904)), it was held in State Bank v.Curran, 10 Ark. 142 (1849), under a verbatim provision of the Constitution of 1836 (art. 3, §§ 1 and 2), that the offices of justice of the peace and deputy sheriff could not be held by the same person because one belongs to the judicial branch, and the other to the executive.[1]
It may, similarly, be successfully contended that one's simultaneous service as county coroner and as a member of the quorum court is unconstitutional since the position of coroner clearly falls within the executive department of government and the quorum court member exercises either legislative or judicial powers. See n. 1, supra.
The separation of powers doctrine is also observed at the county level under the County Government Code. See A.C.A. § 14-14-502 (defining separate branches of county government). A statutory conflict of interest thus arises as well under your question.
Finally, dual service as county coroner and quorum court member implicates the common law "incompatibility of offices" doctrine. It has been stated under this doctrine that incompatibility exists "where there is a conflict of interest, which includes inter alia, where one office is subordinate to the other." Byrd, supra, 240 Ark. at 745. See also Tappanv. Helena Federal Savings Loan Association, 193 Ark. 1023,104 S.W.2d 458 (1937). The court stated the following in Tappan:
 The inconsistency which at common law makes offices incompatible . . . lies rather in the conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other.
193 Ark. at 1025.
It is my opinion that the offices of county coroner and quorum court member are incompatible under this doctrine. Although the quorum court does not have the authority to remove the coroner, the quorum court does have the authority to fix the coroner's annual salary within the minimum and maximum established by law. See Ark. Const. amend. 55, § 5 and A.C.A. § 14-14-1204. The quorum court member would thus be in a position to set his own salary as county coroner. The quorum court member would to this extent exercise supervisory authority over the coroner position, contrary to the doctrine set out above.
In conclusion, therefore, it is my opinion that one person may not lawfully serve as both county coroner and as a member of the county quorum court.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] After the adoption of Amendment 55, the office of quorum court member changed to encompass primarily legislative powers. See also
A.C.A. 14-14-901.