The Honorable Irma Hunter Brown State Representative 1623 West 23rd Street Little Rock, AR 72206-2000
Dear Representative Brown:
I am writing in response to your request for any opinion on the following question:
 Under Arkansas law, can an individual who currently holds a salaried position with a definite term on an Arkansas state commission run for non-partisan municipal office, specifically for mayor of a city of the first class?
RESPONSE
As a general matter, Arkansas law protects the right to run for office. See Op. Att'y Gen. 2004-106. Although your question is couched in terms of running for office, I suspect the concern focuses not so much on the question of specific limitations on candidacy, but rather on whether an individual may serve simultaneously as a state commission member and as mayor of a city of the first class. This question implicates so-called "dual office-holding" principles. Each instance of dual office-holding must be evaluated on its own facts, taking into account any legal provisions applicable to the particular offices or employments in question. In my opinion, generally, the dual service of an individual on a state commission and as mayor of a city of the first class would likely be authorized under state law as long as no specific statute applies to the particular state commission position so as to prevent such service, and as long as the particular state commission position is not incompatible with that of mayor. I cannot definitively decide the issue, however, without knowing precisely what state commission position is involved.
Running for Office
An Arkansas statute expressly permits state and local employees to run for public office. See A.C.A. § 21-1-207. Although this law applies to employees, and not to officers (see Op. Att'y Gen. 2004-106), it has been held that the state's restriction of one's ability to become a candidate for public office is "severely circumscribed by the Constitution." MacBride v. Exon,558 F.2d 443, 448 (8th Cir. 1997). The Arkansas Supreme Court has also held that the right to be a candidate for public office is a fundamental one which should not be curtailed without good cause.Populist Party of Arkansas v. Exon, 359 Ark. 58, ___ S.W.3d ___ (2004); Fisher v. Taylor, 210 Ark. 380, 196 S.W.2d 217 (1946)).See also Ops. Att'y Gen. Nos. 2000-103; 98-110; 94-256. Some restrictions may legitimately be placed upon the ability to run for office. State election laws require, for instance, that candidates for public office be "qualified and eligible" to hold the office "at the time of filing" for candidacy. A.C.A. §7-5-207(b) (Repl. 2000).[1] One such restriction is the federal "Hatch Act" (5 U.S.C.A. § 1501 et seq.). This federal law provides that state or local officers or employees who are covered by the act may not be candidates for elective office.Id. at § 1502(a)(3).[2] Non-partisan races and candidates for those races are specifically exempted, however, from the Hatch Act. Id. at 1503. Because you have stated that the mayoral election is non-partisan, it may be presumed that this federal law would not apply, regardless of which particular state commission position was involved.
Dual Office-Holding
I assume that your question focuses more specifically on whether an individual may serve concurrently on a state commission and as mayor. The Arkansas Supreme Court has identified three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e., the common law "doctrine of incompatibility"). Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966). See also generally Op. Att'y Gen. 98-035.[3]
According to my review, the only potentially applicable constitutional proscription is Ark. Const. art. 19, § 6, which prohibits the holding of more than one office "in the same department of the government at the same time." I assume that the state commission position is an office in the executive department; and the mayor clearly serves in the executive department. It becomes apparent upon further review, however, that these offices are not in "the same department of the government" for purposes of art. 19, § 6. Although state officers cannot hold other offices in the same department of government, they are not prohibited by the constitution from holding municipal offices, such as the office of mayor. See Petersonv. Culpepper, 72 Ark. 230, 79 S.W. 783 (1906) (holding that art. 19 § 6 does not prohibit the holding of a state office and a municipal office simultaneously). See also Murphy v. Townsend,72 Ark. 180, 79 S.W. 782 (1904).
Regarding the statutory analysis, I note that a mayor is prohibited from holding other municipal offices. See A.C.A. §14-14-107 (Repl. 1998) and Op. Att'y Gen. 2002-004. I find no statute, however, generally prohibiting a mayor from holding a position on a state commission. Nevertheless, this question cannot be definitively decided in the abstract. Consideration must be given, instead, to the particular state commission at issue, taking into account any statute that may apply to that position. For example, a statute that applies to the State Board of Election Commissioners states: "Except for the Secretary of State and the county clerk, no member of the board shall be an elected public official." A.C.A. § 7-4-101 (Supp. 2005). I note this statute simply to illustrate the need to consider the specific state commission position when considering any possible proscription against a commission member's service as mayor.
The only remaining question is whether the duties of the offices at issue might be characterized as "incompatible." The common-law doctrine of incompatibility bars holding dual offices if the duties of one office would conflict with the duties of the other, to the detriment of the public good. The Supreme Court approvingly recited the following formulation of the doctrine:
 "The inconsistency, which at common law makes offices incompatible, . . . lies . . . in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other."
Tappan v. Helena Federal Savings Loan Association,193 Ark. 1023, 1025, 104 S.W.2d 458 (1937), quoting 46 C.J. 942. Accord,Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998). Seealso Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
Determining incompatibility will necessarily entail a factual inquiry. Because of the fact-specific nature of this inquiry, I cannot opine generally as to the applicability of the doctrine of incompatibility to one's concurrent service on an unspecified state commission and as mayor of a city of the first class.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] I have previously noted that a question arises whether A.C.A. § 7-5-207(b) should be interpreted to prevent thecandidacy of a person who already holds a public office, on the grounds that the person would be prohibited by dual office holding principles from holding the second office. Op. Att'y Gen.2004-106. I have rejected such an interpretation, however, given that dual-office holding prohibitions by their very nature apply to dual service. Op. Att'y Gen. 2006-015.
[2] The Hatch Act applies to individuals whose principal employment by a state or local agency is in connection with an activity that is financed in whole or in part by loans or grants made by the United States or a federal agency.5 U.S.C.A. § 1501(4).
[3] I am assuming that the state commission position in question is an "office." This seems a reasonable assumption in light of your reference to the position as "salaried" and carrying a "definite term." These are among the factors indicating an "office," along with the requirement of an oath, a bond, and the exercise of some portion of the state's sovereign power. See Maddox v. State, 220 Ark. 762, 249 S.W.2d 972
(1952). State law restrictions on dual service have traditionally been interpreted by this office to apply to situations involving the holding of two "offices," although it has been noted that some question arises whether dual office-holding prohibition are restricted to offices, or might also apply to employments. See,e.g., Ops. Att'y Gen. Nos. 2005-172, 2003-138 and 1998-035.