The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion on the following question:
 Since a county regional water distribution district receives no funding from the county quorum court, can a county regional water distribution district board member seek the office of justice of the peace in that county?[1]
It is my opinion that the answer to this question is, generally, "yes."
The issue presented by your question is that of service by one individual in dual offices. In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). The presence of any one of these three conflicts renders the dual service in question impermissible.
As to constitutional provisions, there are two which normally must be considered in questions involving service by one individual in dual offices. Under the separation of powers doctrine, set forth in Article 4, 1 and 2 of the Arkansas Constitution, a person serving in one branch of the government may not exercise any power belonging to another branch. However, it has been stated that this constitutional prohibition only applies to state officers and offices. Murphy v. Townsend,72 Ark. 180, 79 S.W. 782 (1904). See also Op. Att'y Gen. No. 93-302. Thus, in determining whether this prohibition is even applicable in this instance, it is necessary to ascertain whether both of the offices at issue in your question are state offices. As a director for a regional water distribution district is elected by the qualified electors residing in the water district to serve the district, it is my opinion that he or she is a district officer. See generally A.C.A. 14-116-301 (1987). A justice of the peace, on the other hand, serves as an official in the county branch of government. Thus, the separation of powers doctrine, found at Article 4, 1 and 2 of the constitution, is inapplicable to the offices at issue in your question since neither office is a state office.
It is also my opinion that Article 19, 6 of the Arkansas Constitution, which generally prohibits any person from holding or performing the duties of more than one office in the same department of government at the same time, would not prohibit the dual service at issue here. Justices of the peace are considered to be a part of both the legislative and judicial departments of county government. See A.C.A. 14-14-502(a)(1) and (a)(3) (1987). A director for a regional water distribution district, on the other hand, would in all likelihood be considered a member of the executive branch of government due to the nature of the board's powers and duties. See generally A.C.A. 14-116-309 (1987);14-116-402 (Cum. Supp. 1993). Thus, as the offices at issue in your question do not appear to be in the same department of government, Article 19, 6 would not operate as a bar to one individual serving in both offices.
With regard to the second type of possible conflict of interest in dual service cases, it is my opinion that simultaneous service in the offices of justice of the peace and director for a regional water distribution district is not prohibited by any state statutory law. There are no provisions in the statutes concerning water district board members which would prevent a member from simultaneously serving in another office. See generally A.C.A. 14-116-301 et seq. Similarly, I find no statutes regarding justices of the peace which would prohibit one in that office from serving simultaneously in a position such as director for a regional water district.[2]
Thus, it only remains to be considered whether the duties of the offices at issue in your question are in any way "incompatible." The question involved in the common law doctrine of incompatibility is whether the discharge of the duties of one office conflict with the duties of the other, to the detriment of the public good. Murphy v. Townsend, 72 Ark. 180, 79 S.W. 782
(1904). In further expounding on this doctrine, the Arkansas Supreme Court has cited, with approval, the following:
 "The inconsistency, which at common law makes offices incompatible, . . . lies rather in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other."
Tappan v. Helena Fed. Sav. Loan Ass'n, 193 Ark. 1023, 1025,104 S.W.2d 458 (1937), quoting 46 C.J. 942. See also Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966).
While the determination of incompatibility of offices is essentially a question of fact to be resolved by the judiciary, I perceive no apparent conflict by virtue of the mere holding of the offices of justice of the peace and regional water distribution district board member. This opinion is based on the fact that neither office is subordinate to the other in that one does not have supervisory power over the other and on the fact that the duties of the offices do not appear to conflict. In fact, after a review of the relevant statutes, it seems apparent that a county neither funds a regional water distribution district nor exercises any authority with respect to a regional water district that may have been established in the area. In this regard, it may be helpful to explain how a regional water distribution district operates.
The Regional Water Distribution District Act, which is codified at A.C.A. 14-116-101 et seq., provides that public nonprofit water distribution districts may be organized for various purposes, including the acquisition of water from wells, lakes, rivers, tributaries or streams of or bordering this state or from existing reservoirs heretofore created by the construction of dams by the United States Army Corps of Engineers; the purification, treatment, and processing of the water; and the transportation and delivery of the water to persons furnished it by the water district. A.C.A. 14-116-102 (1987). When there is water available for industrial, municipal, or agricultural irrigation water supply purposes from wells, lakes, rivers, tributaries, streams, or reservoirs, then one hundred or more qualified voters residing or owning lands situated within the boundaries of the water district proposed to be established may petition the appropriate circuit court to establish a water district. A.C.A. 14-116-201 (1987). This section not only authorizes the establishment of water distribution districts for municipal and industrial uses, but also authorizes their establishment for agricultural or other purposes as well. Lyon v. White River-Grand Prairie Irrigation Dist., 281 Ark. 286,664 S.W.2d 441 (1984). The territory proposed to be embraced within the district may include lands in one or more counties. A.C.A.14-116-203 (1987). Once a petition proposing a district is submitted to the circuit court, the court forwards a copy of the petition to the Arkansas Soil and Water Conservation Commission so that the commission may investigate the proposed district and its territory and purposes; the commission renders its findings from the investigation to the circuit court. A.C.A. 14-116-204
(1987). After a hearing by the court on the proposed district, the court may enter an order establishing a water distribution district if it finds and deems it to be in the best interests of the persons residing or owning land within the boundaries of the proposed district. A.C.A. 14-116-206 (1987).
Upon establishment of a water distribution district, the circuit court appoints the initial directors of the water district, and thereafter, the directors are elected for six-year terms by the qualified electors residing in the district. A.C.A. 14-116-301 to -302 (1987). All powers granted a water district are to be executed by the board of directors for the district. A.C.A.14-116-309 (1987). See also A.C.A. 14-116-104 (1987) (providing that the chapter in which "The Regional Water Distribution Act" is codified is complete in itself and that the provisions of any other law of the state, except as provided in the chapter, shall not apply to a water district organized under the chapter). Each of the directors is required to take the oath of office required by Article 19, 20 of the constitution and swear that he or she will not be interested directly or indirectly in any contract made by the board. A.C.A. 14-116-305 (1987). The directors, upon a majority vote of the water district board, may receive the sum of no more than $100.00 each day as compensation for attending meetings of the board. A.C.A. 14-116-306 (Cum. Supp. 1993). The directors are authorized to appoint or hire any employees of the water district and to fix their compensation. A.C.A.14-116-402(15) (Cum. Supp. 1993). The directors are also authorized to fill any vacancy occurring on the water district board by electing a substitute director to serve for the balance of the unexpired term. A.C.A. 14-116-304 (1987). Finally, water distribution districts are authorized to fix and collect rates, fees, rents, or other charges for water and services furnished by the water district, and it is required that such revenues be at all times sufficient to pay all of the operating and maintenance expenses of the district. A.C.A. 14-116-402(13)(A) (Cum. Supp. 1993) and 14-116-404 (1987).
In view of the foregoing discussion, it seems apparent that a county (and thus a justice of the peace serving in the county government) has no authority with respect to a regional water distribution district; it also seems apparent that the duties of the offices at issue would not, as a general matter, be in any way "incompatible." Thus, the incompatibility doctrine does not, in my opinion, preclude the dual service at issue in your question.
In sum, I find no authority which would prevent one from simultaneously serving as justice of the peace and director of a regional water distribution district. An individual who serves in such a dual position should, however, be always cognizant of any potential conflicts of interest which might arise on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I assume that your question refers to a district that was established pursuant to "The Regional Water Distribution District Act," which is codified at A.C.A. 14-116-101 et seq. (1987 and Cum. Supp. 1993).
[2] There is a separation of powers doctrine for county government which provides that persons serving in one branch of county government may not exercise any power belonging to another branch of county government. A.C.A. 14-14-502(b) (1987). However, this prohibition would not prevent a justice of the peace from simultaneously serving as a director on a regional water distribution district board since, as previously stated, it is my opinion that the position of director for a regional water district is a district office, and thus is not a branch of county government.